Gallaher vs. Railroad Company.

## No. 9275.

JAMES P. GALLAHER AND WIFE VS. THE CRESCENT CITY RAIL ROAD COMPANY.

A car driver can be charged justly with negligence, only where he fails to observe or do something he ought to see or do, and would notice or do with ordinary vigilance; where he fails to be prepared for something visible, or at least of probable occurrence, or that might be reasonably expected of him.

If the accident happen from a sudden and unanticipated act, which is the result of the thoughtless impulse of a child, of which human foresight could not be prescient, no liability attaches to the driver or to his employer.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

---

*B. R. Forman* for Plaintiffs and Appellees.

*John M. Bonner* for Defendant and Appellant:

1. The only right of action these plaintiffs have is based on the injuries sustained by the child, and which it could have sued for, if it had not been killed. They have no right of action on their own account for the death of the child. 6 Ann. 495; 11 Ann. 5; 17 Ann. 244; 27 Ann. 716; 32 Ann. 617; 33 Ann. 643; 34 Ann. 914; 35 Ann. 708; 95 U. S. 756.

2. Where death of the child is instantaneous, there is no conscious suffering and no right of action to survive. R. C. C. 2315; 9 Cush 108; 125 Mass. 90, 93; 6 Caldw,. Tenn. 45.

3. The negligence of the defendant must be affirmatively approved. It cannot be presumed without proof. 44 Pa. St. 377; 35 Ann. 498.

Where a little child runs against the car and is run over by the hind wheel, after the mule and the front part of the car has passed, it is not negligence in the driver if he did not see it when he had no reason to expect it would be there. 36 Mo. 489; 42 N. Y. 459; 47 Ill. 66, 267; 47 Pa. St. 300; 88 Pa. St. 520; 92 Pa. St. 431; 23 Ann. 729; 34 Ann. 160; 56 Ind. 396.

4. Children can be guilty of imputable contributory negligence which will bar a recovery on their part. English Cases, 9 Exch. 302; El. Bl. and El. 719; 7 C. B. N. S. 287; 2 H. and C. 744; L. R. 1 Exch. 239; American Cases, 21 Wend. 615; 29 Barb. 234; 36 Barb. 230; 49 Barb. 529; 1 E. D. Smith, 74, 60 N. Z. 333; 33 How. Pr. 193; 4 Allen 283; 9 Allen 401; 8 Gray 123; 27 Ind. 513; 28 Ind. 287; 58 Me. 384; 52 Cal. 602; 38 Wis. 613; 29 Minn. 336; Sher. and Red. on Neg. § 49; Cooley on Torts p. 682, note.

5. Those States that give a right of action to the child, deny an action when the parent sues. Pierce on Railroads p. 338, note 1; 10 Cent L. J. 272; 48 Pa. St. 918; 57 Pa. St. 172; 24 Ohio 690; Thompson on Neg. p. 1191 § 37.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action in damages for the killing of a child of plaintiffs, about three years old, by one of the cars of the defendant company.

The damages are assessed at $ 20,000; half for the suffering endured by the child, and half for the loss of its services.

Gallaher vs. Railroad Company.

Charges of negligence usual in such cases are made against the driver, for whose acts the company is sought to be held liable.

The defense admits the killing, but denies responsibility, as the driver was guilty of no dereliction of duty. It charges contributory negligence against the plaintiffs, with which the child is taxable, and avers that death was instantaneous.

From a verdict and judgment thereon for $900 with interest, against it, the company has appealed, the plaintiffs praying for an amendment and increase of the judgment.

The evidence establishes to our satisfaction the following facts :

The plaintiffs reside on Tchoupitoulas street, which is a street of ordinary width, almost on a level, and on which are laid two tracks, with a proper distance between them. One of the tracks is used by the cars of the defendant company going up, and the other by those going down. The former is on the lake, and the latter on the river, side of the city.

In the afternoon of the 18th of April, 1883, Mrs. Gallaher left the child in charge of no one, in her room, the doors of which had not been locked or shut so as to prevent the child from going out. The house lies on the river side and fronts on the street.

Mrs. Gallaher went across the street for some purpose or other.

The child missed her mother and left the room to go on the sidewalk, when she saw her mother on the other side of the street.

It betook her to go to her mother, and in her eagerness to meet her, she at once moved in the direction in which she had seen her.

At that moment, car No. 24 of the defendant company was coming down the street on the river side track.

The driver was at his post and apparently attentive to his duty.

The child moved at straight angle with the track, from the gutter to the car, which was then rolling along at an ordinary gait.

The child did not move so as to be on the track itself, but was between the gutter and the side rail nearer the river.

The car passed, a jolt was heard, the car continued to roll on and stopped some ten feet further than the spot where the jolt had been heard. The child had been run over! Its head was on the outside river rail and the whole of its body, with the face down, was stretched outside of the track, on the river side, almost perpendicular thereto on the space between the gutter and the rail. The head had been run over and crushed from the ear to the mouth, and almost severed from the body. The hind wheel on the right of the car had blood on it.

It is not shown, as claimed, that there was an iron bar connecting the two wheels on the outside.

The testimony is conflicting as far as it tends to show that the child was or not on the track in front of the mule and car so as to be seen by the driver; but it is manifest that it could not have been there, owing to the position in which the body was found after the accident. Had it been on the track it would have been run over and crushed by mule and car, and its body would have been found, for the most part, between the rails of the track.

The probability is, that the child had already started from the gutter towards the middle of the street to cross it, when the car, which it had not seen, was passing; that when it saw the car it was frightened, stared, and halted on the narrow space between the gutter and the track, nearer the rail, so that the room between it and the track was a few feet only; that the driver either did not notice the child, or saw it standing motionless, apparently waiting for the car to pass, before moving further towards the other side of the street; that the child, by a quite natural misconception or miscalculation, unexpectedly, thoughtlessly, suddenly moved forward from where it was standing, supposing it could do so securely, but unfortunately the child tottered and tripped on the side of the rolling car, falling between the two wheels, was run over by the back wheel and died on the spot.

It is glaring that, had there been an iron rod between the front and rear wheels, running lengthwise of the car and low down, it would have been almost impossible for the child to have fallen between the side wheels.

The theory is inadmissible that the child was run over by the two wheels. It is urged to show that the child, previous to falling, was in front of the car, and therefore could and should have been seen by the driver, who, for not seeing, or seeing, not stopping in time, is guilty of negligence. The theory is destroyed by the fact that it is proved that there was discovered no blood on the front wheel, but that some was found on the back one only.

Had the child's body been run over by the front wheel, as it surely was by the rear one, the front wheel—owing to the softness of the frame of a child of such tender years, which would have instantly burst and bled on crushing—would likewise have been more or less spattered with blood, or shown some other traces of a collision with the mangled body.

Under such a state of things, the driver cannot be legally charged with negligence, so as to hold the company answerable for the injury sustained.

In the case of Hearn, 34 Ann. 163, this Court held that a driver can be justly charged with negligence only when he fails to observe something he ought to see and would see with ordinary vigilance, when he fails to be prepared for something visible, or at least of probable occurrence, or that might reasonably be expected to happen.

This was said after a full review of the law and precedents applicable to that suit, which is germane to the present one, it being one in which damages were claimed for the killing of a younger child. After a reconsideration of the authorities bearing on the subject, we see no reason to alter the rule thus announced or to deviate in its application. V. also Montfort vs. Schmidt, 36 Ann. 750.

We find, in kindred cases, the company has been relieved from liability, the courts holding, if the driver had seen the child on the street approaching the car, and in such proximity that the child might reach the track before the car passed, it was not negligence not to stop the car. 92 Pa. St. 431.

Also that, where the accident happens from the sudden and unanticipated act of the child itself, which could neither be foreseen nor guarded against, and it is a fact that the thoughtless impulse of the child may bring about such accident, the company is not liable. 88 Pa. 520.

Also that, where there is nothing to show that the driver knew the child was approaching the car, or had any reason to apprehend the child was there, no recovery can be had. 36 Mo. 492.

Also that the driver is not guilty of negligence for omitting to keep a constant watch on each side of the car to the rear of the front platform, to see that no one is injured by coming laterally in collision with the side of the car. 42 N. Y. 459.

The view thus taken by us of the facts and of the law governing the determination of this case, renders it unnecessary to pass upon the questions of contributory negligence and of instantaneous death, set up by the company, in further defense.

The defendants' counsel explains the verdict of the jury by saying that they were misguided by an erroneous charge of the district judge. This is not an impossibility.

It is therefore ordered and decreed that the verdict of the jury be quashed and set aside, and the judgment on it be annulled and reversed; and it is now ordered and adjudged that the demand of plaintiff be rejected, with judgment in favor of the defendant company, with costs in both courts.

Rehearing refused.