## HYLAND *v.* YONKERS R. CO.

*(Supreme Court, General Term, Second Department.* February 11, 1889.)

1. HORSE AND STREET RAILROADS—INJURIES TO PERSONS ON TRACK—SUFFICIENCY OF EVIDENCE.

In an action for injuries received by plaintiff, a girl about 2½ years old, by being run over by defendant's street-car in front of her parents' home, it appeared that no one witnessed the accident. The car was a small one, having but one man in charge. The driver, while the horses were going slowly along, turned his back to the horses in response to a request by a passenger for change, as was his duty, and on turning round after delivering the envelope he saw the plaintiff fall between the whiffle-trees and the dash. Plaintiff's mother, who lived on the second floor of the house, had dressed the child a few minutes before and sent her down stairs to play with some children in the rear of the house, as was her custom, having no servant, while she cleaned up her rooms. There was a fence, but no gate in front of the house, but the child was not, as far as its mother knew, accustomed to play in the streets. *Held,* that a verdict for plaintiff would not be disturbed.

2. SAME—IRRELEVANT EVIDENCE.

The driver was asked on his redirect examination as to which did he look out for mostly, and which did he regard as his duty to look out for, passengers or persons that he might run over. *Held,* that his answer was properly excluded, as not being pertinent to the issue, which was what he did on the occasion in question.

3. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

The jury were charged that they were to determine whether the child did what was prudent in the circumstances in which it was placed, considering its age, and also whether there was any omission of care and prudence on the part of the mother which occasioned the injury, in whole or in part, and that if they were not free from negligence contributing to the injury, plaintiff was not entitled to re-cover. *Held,* that the charge was proper.

4. SAME—VERDICT—WHEN NOT EXCESSIVE.

It appeared that the larger bones of the left leg were laid bare, the skin and flesh being laid open for two or three inches below the knee-joint down to the ankle-joint; that there was a complete fracture of the large bone a little above the ankle, and a diagonal split running upward and outward two or three inches in length. The attending physicians testified that the shin-bone would be slightly shorter than the other, the deformity increasing as plaintiff grew older, and that she would probably have to walk on the outer side of the toes and foot without being able to touch her heel readily. *Held,* that a verdict of $3,200 was not excessive.

Appeal from circuit court, Westchester county.

Action by Julietta Hyland, an infant, by James F. Hyland, her guardian *ad litem,* against the Yonkers Railroad Company for injuries received by being run over by a street car. The evidence showed that plaintiff was an infant about 2 years and 6 months old, living with her parents on Nepperhan avenue, in the city of Yonkers; that defendant was operating a surface street-railroad in that city, using a small car, with one man in charge. A box was placed at either end of the car in which passengers placed their fares, and drivers, when applied to, supplied passengers with the exact change required in an envelope. On the morning of April 27, 1887, while one of these cars was going south on Nepperhan avenue, near the residence of plaintiff's parents, the horses going very slow, the driver on turning around after delivering an envelope containing change, cried out: "My God, that child is killed!" Plaintiff received then the injuries sued for. There was no witness to the accident, which took place in the street about 70 feet from a crossing, the driver being the first to see the child falling between the whiffle-trees and the dash, and there was no cry from the child and no warning from any quarter. The mother of the child testified to having dressed her on the morning in question and sent her down stairs to play in the back yard with the children of the tenant of the lower floor, while she was cleaning her rooms, as was her custom; that she had no servant; that the child, so far as she knew, was not accustomed to go into the street. The last she saw of her was when she ran into the apartments below, and in about 15 minutes she was carried in, having received the injuries complained of. There was a fence in front of the house, but no gate on the fence. The driver was asked on his redirect examination: "Which

v.4N.Y.s.no.3—20

do you look out for mostly, for passengers, or for people on the street that you may drive into?" also: "Which do you regard as your first duty, to watch out for passengers, or to watch out for those whom you may run over?" both of which questions were ruled out, to which defendant excepted. The physicians attending the child testified that the larger bones of the left leg were laid bare, the skin and flesh being laid open for two or three inches below the knee-joint down to the ankle-joint; that is, the *periosteum* was stripped back from the large bone on both sides. There was a complete fracture of the large bone about an inch or an inch and a half above the ankle-joint, and also a diagonal split of the bone running upward and outward about two or three inches, the foot sagging to the outer side and hanging down. That the shin-bone when healed would be slightly shorter than the other, and the deformity would be slightly increased as the child grows older. That she would probably be compelled to walk on the outer side of the toes and foot, without being able to touch her heel very readily. The court instructed the jury that they were to determine from the facts whether the defendant was negligent. Then they were to decide whether the child did what was prudent in the circumstances in which it was placed, considering its age, and also whether there was any omission of care and prudence upon the part of the child or her mother, which occasioned the injury in whole or in part, and that if they were not free from negligence contributing to the injury the plaintiff had no cause of action. The jury returned a verdict of $3,200 for plaintiff. From an order overruling a motion for new trial, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*John F. Brennan,* for appellant. *Frank E. Blackwell,* for respondent.

PRATT, J. Upon a former appeal in this case we held it was a proper case for submission to a jury. 48 Hun, 617, *mem.* The evidence is not materially changed and we see no reason for receding from the position we took at that time in regard to the case. The evidence is ample to sustain the verdict, and the damages are not excessive in view of the evidence as to the injury suffered by the plaintiff. The questions of plaintiff's negligence and that of her parents were fairly submitted to the jury. The charge was unexceptionable; in fact it was quite as favorable to the defendant as the facts warranted, and we find no material error to have occurred during the trial. The questions put to the driver upon his redirect examinations were properly ruled out. They called for immaterial matters, and were not pertinent to the issue. The issue was not what this driver was accustomed to do or what he regarded his first duty. The question was what he did upon the occasion under investigation. It is true the case fails to show how the child got upon the track, or how long she had been there, but the jury undoubtedly found, as they had a right to find from the evidence, that if the driver had been paying proper attention he would have discovered the plaintiff in season to stop his car.

We fail to find any error sufficient to reverse the judgment, and it must be affirmed with costs. All concur.