### LEVY *v.* DRY-DOCK, E. B. & B. R. Co.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

1. HORSE AND STREET RAILROADS—NEGLIGENCE—EVIDENCE.
     In an action against a street-car company for the death of a child, caused by being run over by defendant's street-car, the evidence was that when the car approached the line on which the child attempted to cross the track, about 20 to 30 feet from the horse, it was going at ordinary speed, on a down grade, and that the driver had his face turned towards the inside of the car, and did not turn to look forward until warned by the hallooing of persons who had observed the child's danger.     The accident occurred about 6 o'clock on a fine Sunday afternoon in summer.     *Held,* that these facts would warrant a jury in finding want of proper care by the driver in the management of the car.

2. SAME—ACTION FOR—QUESTION FOR JURY.
     There was evidence that the child, a girl nearly four years of age, was as intelligent and observing as healthy children usually are at that age; that her father was on the sidewalk, talking to another person, but facing towards her, and in a posi-

tion to watch and assist her movements, and that he ran to her assistance as the horse was about reaching her or had pushed her over; and that a boy about five or six years old was with her as she reached the track, but then ran away. *Held,* that, as negligence in attempting to cross the track was not necessarily to be attributed to her at her age, and as the jury might find that she was sufficiently guarded by her father, it was error to dismiss the complaint.

Appeal from circuit court, New York county.

Action by Lena Levy, as administratrix of Sarah Levy, deceased, against the Dry-Dock, East Broadway & Battery Railroad Company. Plaintiff appeals from a judgment for defendant entered on the dismissal of the complaint at the trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Leo C. Dessar, (Christopher Fine,* of counsel,) for appellant. *Robinson, Scribner & Bright, (John M. Scribner,* of counsel,) for respondent.

DANIELS, J. This action was commenced by Lewis Levy, as administrator of the estate of his daughter, Sarah Levy, who was run over by a car of the defendant on East Broadway, on the 30th of August, 1885, and from the injuries then received she soon afterwards died. The administrator died after the commencement of the action, and it was then revived in favor of the plaintiff as administratrix, who is the mother of the intestate. The injury was received by the child near 6 o'clock on a Sunday afternoon, while the car was moving in an easterly direction, at an ordinary rate of speed. The child who was killed resided with her parents on the northerly side of the street, between Pike and Rutgers streets. She was then 3 years and 10 months old, and from the evidence appears to have been as intelligent and observing as healthy children usually are at that age. She had passed over to the southerly side of the street, and was in the act of returning, and near the northerly rail of the defendant's railway, when she was knocked down by the horse and run over by the forward wheel of the car, and was under the hind wheel when she was removed by her father, who was near his residence, and in the street at the time, facing southwardly. The witnesses agreed in their evidence that the driver of the car, which was a one-horse car, had his face turned towards the inside of the car as the horse approached the line on which the child undertook to cross the track, and that she was then from 20 to 30 feet from the horse. At least the jury could very consistently, from the evidence which was given, find these to be the facts; and that he did not turn his head, to be able to look forward, until he was admonished by the hallooing of persons on the sidewalk, who had observed the child, and that she was in immediate danger from the proximity to her of the horse that was drawing the car. From these facts the jury would also be warranted in finding that there was a want of proper care on the part of the driver in the management and progress of the car, which was then moving on a down grade towards Rutger street. And in the disposition of this appeal the court is at liberty to believe that they would have found that fact in the plaintiff's favor, as she is entitled to every favorable inference supported by the proof on account of her complaint being dismissed, and the case withheld from the jury.

The still more critical inquiry remains, whether the evidence was such as to enable the child, or more properly her parents, to escape the imputation of negligence or want of care on their part. The child was stated by her mother to have possessed uncommon intelligence for her age, and to have been smart, like a girl of 10 years of age. And if that was a correct description of her, the jury might or might not have considered her careless in trying to cross the track when the horse was so near to her. It would not necessarily be negligent, for a girl of 10 years could very well cross the track safely when she was 20 feet away from the horse as she reached the first rail. But they would not be obliged to accept that evidence as strictly correct; for the age of the child, on the evidence given by other witnesses who knew her, indicated

the fact to be that she was very much as other children are at the same age and in the possession of sound health; and, if she was, then negligence could not necessarily be attributed to her at her age for attempting to cross the track as she did. But it might be negligent for her parents to permit her to be in the street, where she would be in danger from the cars which passed this point at frequently recurring intervals. *Kunz* v. *City of Troy*, 104 N. Y. 344, 10 N. E. Rep. 442. But it was not necessarily so under the evidence given at the trial; for the jury could very well conclude that her father was looking after her, although he was talking to another person on the northerly sidewalk of the street. This person testified that Levy was near the hall to his residence, with his back towards it, looking towards the witness; and, if that statement is correct, then he was in a position at the same time in which he would be able to watch, and in a condition to assist, the movement of the child; and that he was probably looking after her is confirmed by the fact that he ran to her assistance as the horse was about reaching her, or had pushed her over. But his effort was unavailing, for the wheel of the car was about passing over her as he reached and endeavored to arrest the progress of the horse. There was further evidence also given by two of the witnesses that there was a boy with her who was apparently five or six years old, as she reached the track, but who ran away after she commenced to cross it. Others saw no boy; but on the evidence of the two who testified they saw him with this child it was for the jury to decide which was right, and, if the boy was present, how far that might indicate the observance of care on the part of the father of the child, who was standing on the walk, and facing in the direction which the child must take in her attempt to recross the street. With this evidence before the court, the case was not one for a dismissal. It was for the jury to consider and decide it, and not for the court. *Birkett* v. *Ice Co.*, 110 N. Y. 504, 506, 507, 18 N. E. Rep. 108; *Hyland* v. *Railroad Co.*, 4 N. Y. Supp. 305; *Murphy* v. *Orr*, 96 N. Y. 14. The driver had reason to believe that children would be in the street, on a fine Sunday afternoon, as that is proved to have been; and he should have made a reasonable outlook to avoid them. That, the jury had the evidence from which they could find, he did not do; and that the child herself was sufficiently guarded by the observation and oversight of her father to avoid the charge of negligence on his part, and that she would have escaped all danger of injury if the driver had been as watchful as the law required him to be in the progress of his car. Upon both of these contested matters of fact the case was for the jury, and should not have been dismissed by the court. The judgment should be reversed, and a new trial ordered, with costs to the plaintiff to abide the result. All concur.