Patrick Callary and Catharine Callary, Appellants, v. The Easton Transit Company.

*Negligence—Street railway—Nonsuit.*

In an action against a street railway company to recover damages for the death of a child six years old, a nonsuit is properly entered where the undisputed testimony on the part of the plaintiff establishes beyond all question that the death of the child was caused by his suddenly darting upon the track immediately in front of the approaching car, and that it was not possible to stop the car in time to prevent a collision.

*Evidence—Cross-examination — Party without interest—Cross-examination of motorman in negligence case.*

In an action against a street railway company to recover damages for death, the motorman who ran the car of the defendant company which caused the death cannot be compelled to testify as if under cross-examination by the plaintiff, inasmuch as he is neither a party nor a person having legal interest in the pending suit.

Argued March 7, 1898. Appeal, No. 356, Jan. T., 1897, by plaintiffs, from order of C. P. Northampton Co., Dec. T., 1894, No. 63, refusing to take off nonsuit. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for the death of a son six years old. Before SCHUYLER, P. J.

At the trial it appeared that on November 13, 1894, plaintiffs' son, a child about six years old, while playing upon a street on which the defendant operated an electric railway, suddenly darted upon the track immediately in front of an approaching car, and it was not possible to stop the car in time to save the boy.

Under objection and exception the court refused to permit

plaintiffs to call George Barnet, the motorman of the car, as if for cross-examination. [2]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Errors assigned* were (1) refusal to take off nonsuit; (2) ruling on evidence, quoting the bill of exceptions.

*James W. Fox,* with him *Edward J. Fox,* for appellants.—A failure to do anything which a safe course would require to be done is negligence, and where there is evidence that either the car was running very rapidly or that the motorman was either inattentive to his duty or careless in the performance of it, the question is for the jury: McCullough v. Traction Co., 183 Pa. 241; Phillips v. Traction Co., 183 Pa. 255; Lenkner v. Traction Co., 179 Pa. 487; Schnur v. Traction Co., 153 Pa. 29; Iaquinta v. Traction Co., 166 Pa. 63; Dunseath v. Traction Co., 161 Pa. 124; Woeckner v. Electric Motor Co., 176 Pa. 451; Bucklin v. Davidson, 155 Pa. 362; Ely v. Ry. Co., 158 Pa. 233; Arnold v. R. R. Co., 161 Pa. 1.

If under the common law Barnet would not have been a competent witness for the defendant on the ground of interest, it follows necessarily that he was liable to be called as if under cross-examination by the plaintiffs in this suit: 1 Greenleaf on Evidence, sec. 393; Catawissa R. R. v. Armstrong, 49 Pa. 186; Strohecker v. Hoffman, 19 Pa. 223; Plumer v. Alexander, 12 Pa. 81; Bennett v. Hethington, 16 S. & R. 195; Starkie on Evidence, *113.

*F. W. Edgar, R. C. Stewart, H. J. Steele* and *J. D. Brodhead,* for appellee, were not heard, but argued in their printed brief: If the parents permit a child of tender years to run at large without a protector in a city traversed constantly by cars and other vehicles, they fail in the performance of their duties, and are guilty of such negligence as precludes them from a recovery of damages for any injury resulting therefrom: Johnson v. Ry., 160 Pa. 651.

The accident was one resulting from childish indiscretion alone, and for it the defendant is not responsible: Hestonville Pass. Ry. v. Connell, 88 Pa. 524; Fischer v. Camden, etc.,

Ferry Co., 124 Pa. 154; Moore v. Penna. R. R., 99 Pa. 301; Balt., etc., R. R. v. Schwindling, 101 Pa. 258; Chilton v. Traction Co., 152 Pa. 425; Fleishman v. Neversink, etc., R. R., 174 Pa. 510; Funk v. Electric Traction Co., 175 Pa. 559; Kline v. Electric Traction Co., 181 Pa. 276.

It was a sudden emergency, and the omission to do the very best possible thing is not negligence: Brown v. French, 104 Pa. 604; Flanagan v. People's Pass. Ry., 163 Pa. 106.

A motorman employed by a defendant street railway company may not be compelled to testify as if under cross-examination by the plaintiff in a negligence suit such as this: Hill v. Truby, 117 Pa. 320; Act of March 27, 1865, P. L. 38; Act of April 15, 1869, sec. 1, P. L. 30; Act of May 23, 1887, P. L. 158.

PER CURIAM, March 21, 1898:

This case was properly disposed of by the learned court below. The undisputed testimony on the part of the plaintiffs established beyond all question that the death of the child was caused by his suddenly darting upon the track immediately in front of the approaching car, and that it was not possible to stop the car in time to prevent the collision. In such circumstances, as we have frequently held, there is no right of recovery, because there is no breach of legal duty to the child.

There is no merit in the second assignment. The motorman, Barnet, was neither a party nor a person having legal interest in the pending suit, and hence the plaintiffs had no right to call him as if on cross-examination. The remaining assignments are of no importance and cannot be sustained.

Judgment affirmed.