dict is not against the weight of, but is sustained by, the evidence; and it therefore follows that the judgment and order should be affirmed, with costs to the respondents.  All concur.

---

(35 App. Div. 619.)

### GREENBERG v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department.  December 30, 1898.)

STREET RAILROADS—INJURY TO PERSON ON TRACK.

Plaintiff's intestate, while playing with other boys in a street on which were two street-railway tracks, started to run across the street near the middle of a block.  He passed in the rear of a car going north, but, seeing a car coming south at a rapid rate on the other track, he stopped between the tracks, then suddenly attempted to cross the other track, and was struck by the south-bound car.  *Held*, that there was no proof of negligence on the part of defendant's servants.

Appeal from trial term, New York county.

Action by Moses L. Greenberg, as administrator, against the Third Avenue Railroad Company.  The complaint was dismissed, and plaintiff appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Emanuel Jacobus, for appellant.
Eugene Treadwell, for respondent.

PATTERSON, J.  On the trial of this action the complaint was dismissed, apparently upon the ground of the contributory negligence of the plaintiff's intestate.  There was evidence tending to show such negligence, but it is unnecessary to inquire whether it should have been submitted to the jury, because it is entirely plain that there was insufficient evidence of negligence on the part of the servants of the defendant.  All that was shown concerning the accident was that on the afternoon of the 25th of November, 1896, the plaintiff's intestate and two other boys had been playing in the street on the east side of Third avenue between Ninety-Third and Ninety-Fourth streets. The plaintiff's intestate started to cross the avenue diagonally from the corner of Ninety-Third street, northwesterly in the direction of Ninety-Fourth street; that is to say, he was at about the northeast corner of Ninety-Third street, and he ran diagonally and northwesterly across the avenue, and towards the middle of the block.  In running, he passed behind a car going north, and reached a point about the middle of the avenue, and between the two tracks of the Third Avenue Railroad.  Just as he passed behind the car moving north, witnesses observed a car coming south at a rapid rate and some 40 or 50 feet distant from the plaintiff's intestate.  When the plaintiff's intestate reached the point between the two tracks, he stopped, and, after standing for some appreciable space of time, he suddenly started to run across the avenue towards the westerly sidewalk, was struck by the south-bound car, and received the injuries from which he died within a few hours. That is substantially the whole evidence as to the exact occurrence.

This accident took place in the middle of a block, and upon the plain-

tiff's own showing and contention the plaintiff's intestate saw the approaching car. The whole argument that he was free from contributory negligence is based upon the concession that he saw the car, and exercised judgment in stopping, and afterwards going forward. It may fairly be presumed that the motorman saw the boy standing between the tracks. As the boy was standing there, looking at the car, there is no reason whatever to infer that the motorman had any cause to believe or suspect that he would run across the track, standing, as he did, in an attitude of watchfulness, and apparently waiting for the car to pass. That is all the material evidence upon the subject of negligence of the motorman. There is some vague statement of the driver of an express wagon that for several blocks he had been racing with this car on the westerly side of it; but, according to the testimony of this driver, at the time the boy was struck he (the driver) was some 25 feet behind the front of the car. Under those circumstances it would not have been proper to allow the case to go to the jury, and the nonsuit should have been directed on the ground that there was no proof of negligence on the part of the defendant's servants in charge of the car.

The judgment must, therefore, be affirmed, with costs. All concur.