## JOHN ZUPONCIC v. VAL BLATZ BREWING COMPANY.[1]

### November 12, 1915.

### Nos. 19,411—(77).

**Negligence — independent contractor — question for jury.**

1. Whether the negligence relied on for a recovery in this case was that of a servant of defendant, or that of an independent contractor, was, on the evidence, a question for the jury, and the finding of the jury is sustained.

**Evidence.**

2. The evidence warranted the jury in finding that the servant was negligent.

**Contributory negligence.**

3. The question of contributory negligence was for the jury and the evidence sustains the verdict on this point.

[1] Reported in 154 N. W. 790.

Note.—Question for jury as to who is an independent contractor, see notes in 65 L.R.A. 508; 17 L.R.A.(N.S.) 382.

**Charge to jury.**

4. There was no error in the charge or in the refusal to give requested instructions.

**Damages not excessive.**

5. The verdict, as reduced, was not excessive.

Action in the district court for St. Louis county by the father of plaintiff minor to recover $2,500 for personal injury. The case was tried before Hughes, J., and a jury which returned a negative answer to the question whether the driver's relation to the defendant was that of an independent contractor, and an affirmative answer to the question whether at the time of the injury defendant had the right to, and did in fact, control the driver as to the time, place or manner of performing his work, and a general verdict in favor of plaintiff for $750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, if plaintiff consented to a reduction of the verdict to $500, defendant appealed. Affirmed.

*John A. Keyes,* for appellant.

*Charles C. Teare* and *Charles T. Murphy,* for respondent.

BUNN, J.

Plaintiff brought this action to recover on behalf of his minor daughter damages sustained by her and claimed to have been caused by the negligence of a servant of defendant. There was a verdict for plaintiff in the sum of $750. Defendant made the usual alternative motion. The court made an order denying the motion for judgment, and denying a new trial on condition that plaintiff consent to a reduction of the verdict to $500. Plaintiff so consented, and defendant appealed from the order.

Defendant's contentions on this appeal are: (1) The negligence, if any, was that of an independent contractor; (2) there was no actionable negligence; (3) the injured girl was guilty of contributory negligence; (4) there was reversible error in failing to give instructions requested by defendant; (5) the damages as reduced are still excessive. The facts which the evidence justified the jury in finding, first stating those that bear on the question of independent contractor, are as follows:

131 M.—8.

The act or omission upon which the claim of liability rests was that of one Ludwig Milas. Defendant insists that Milas was not its servant, but was an independent contractor. Plaintiff claims that Milas was defendant's servant, or at least that the evidence made this a question for the jury. Defendant had in Biwabik a warehouse for storing beer and ice, a team and delivery wagon. It made arrangements with Milas by which the key of the warehouse and the team and wagon were turned over to him. Milas took orders for beer, and delivered it to the customers in Biwabik and the adjacent territory. He was enjoined to deliver promptly, and to look after the interests of the defendant. He ordered beer from defendant as it was necessary to supply the warehouse. His compensation was one dollar a barrel and twenty-five cents a case for the beer delivered. Defendant furnished the feed for the horses and paid for the shoeing, while Milas cared for them, and used the team and wagon in delivering ice on his own account, and in delivering beer for another brewing company.

Plaintiff has a saloon in the village of Aurora, and was a customer of defendant. On August 19, 1912, Milas drove the team and wagon to plaintiff's saloon for the purpose of delivering there three half-barrels of defendant's beer, ordered by plaintiff. He drove into a side street and backed the wagon up to the curb which ran by the rear entrance of the saloon. There was a sidewalk along the building, and a grass plot between the sidewalk and the curb. There was a shallow depression or ditch in the street adjacent to the curb. When Milas backed the wagon up to the curb, he left his seat, leaving there a four-year-old boy who was with him. Whether he fastened a hitching weight to the horses the evidence is not clear. He went to the rear end of the wagon and let down the tail board, took out a half-barrel of beer and rolled it into the rear door of the saloon. The testimony on the part of plaintiff is that the tail board of the wagon rested on a box that stood on the grass plot, and that one of the half-barrels of beer stood partly on this tail board and partly on the floor of the wagon while Milas was in the saloon. Josephine, the injured child, was nine years old at this time. She and a younger sister were playing near the wagon when Milas came, and he testified that he drove them away. While he was in the saloon, the younger sister climbed into the wagon, and Josephine followed to get her.

As she got upon the tail board, the horses started, and the result was that the tail board dropped from the box, letting fall the half-barrel that stood partly upon it. Josephine fell from or was knocked from the wagon, and one of her legs was broken between the knee and ankle by the beer barrel falling on it. This is the version of the accident and its cause given by Josephine, and, though it differs materially from the story of Milas, we think the jury was warranted in finding the facts as stated.

1. The trial court left it to the jury to decide whether Milas was a servant of defendant or an independent contractor. The instructions on this question are not open to criticism, and our only inquiry is whether the evidence justified submitting this question, or whether the court should have held as a matter of law that the relation of master and servant did not exist. We have no hesitation in holding that the trial court was right, and that the evidence abundantly supports the special findings of the jury on this question, to the effect that Milas was not an independent contractor, and that defendant had the right to, or did, in fact, control and direct Milas as to the time, place and manner of doing his work. Counsel for defendant makes an elaborate argument and cites many authorities to support his contention, but the facts we have recited bring the case well within our own decisions, and it is useless to say more. Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Rait v. New England Furniture & Carpet Co. 66 Minn. 76, 68 N. W. 729; Gahagan v. Aermotor Co. 67 Minn. 252, 69 N. W. 914; Johnson v. Crookston Lumber Co. 95 Minn. 142, 103 N. W. 891; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782; Anderson v. Foley Bros. 110 Minn. 151, 124 N. W. 987.

2. Does the evidence sustain the finding that Milas was negligent? If the story told by the injured girl is true, Milas left the lines in the hands of the four-year-old boy, and left the tail board of the wagon resting on a box, with a beer barrel standing partly in the wagon and partly on the tail board, in such a position that a movement of the team would be very apt to let the barrel fall to the ground. He knew that the young children were playing near by, and might have anticipated that

the wagon, with the easy step from the curb to the box, the projecting tail board and the small boy on the front seat, would be an attraction. Furthermore, it is not clear that the situation was entirely without danger to children or others who were on the walk. On the whole we are not prepared to say as a matter of law that Milas used ordinary care in leaving things in this condition, or that the finding of the jury ought to be disturbed by us. Josephine was not a trespasser in the sense that defendant did not owe her the duty of exercising ordinary care.

3. Taking into consideration the age of the injured girl, and her purpose in attempting to climb on the wagon, we hold that the jury was justified in finding her free from contributory negligence.

4. We find nothing erroneous in the charge of the court, or in its refusal to give instructions requested by defendant. It was within the court's discretion to submit special questions to the jury.

5. We do not think that the verdict, as reduced, was excessive.

Order affirmed.