CZARNISKI *v.* SECURITY STORAGE & TRANSFER CO.

1. NEGLIGENCE — PERSONAL INJURIES — CHILDREN — QUESTION FOR JURY.

> In an action for injuries to a 5-year-old girl caused by defendant's moving van running over her hands, evidence that the van had stood for three hours while being loaded, that in the meantime plaintiff and other children were playing around it and in the yard, that defendant's servants, without any attempt to discover the whereabouts of the children or whether they were dangerously situated with reference to the van, started it while plaintiff was under it getting a ball, *held*, to present a question for the jury as to defendant's negligence. OSTRANDER, C. J., and BROOKE, J., dissenting.

2. SAME—UNANTICIPATED ACT—LIABILITY.

> Where an accident results from the sudden and unanticipated act of a child of immature years which could not be foreseen or guarded against, there is no liability.

Error to superior court of Grand Rapids; Dunham, J. Submitted October 16, 1918. (Docket No. 55.) Decided December 27, 1918.

Case by Katie Czarniski, an infant, by her next friend, against the Security Storage & Transfer Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Hatch, McAllister & Raymond,* for appellant.

*Smedley & Linsey,* for appellee.

Defendant owns and operates moving vans in the city of Grand Rapids. One Jankowski, who lived at 348 Indiana avenue, employed it to do his moving. Mike Czarniski lived at 346 Indiana avenue. Plaintiff is his daughter aged about five years. The distance

between the two houses is about eight feet. Defendant's moving van was backed into this space handy to the Jankowski's front porch and the household effects of that family were loaded into the van. It took about three hours to do this work. During this period plaintiff and five other small children of the two families were playing about the van, in front of the house, and in the back yard. The back yard was a small space about 30 or 35 feet wide and 43 feet long. When the work of loading the van was completed the driver and his helper got up on the seat in front, but under the cover and within the sides of the van. Neither of them was produced as a witness although their absence was excused. One of them was in the army, and the other could not be found when service of subpœna was attempted. The only eye-witness to the accident was a brother of plaintiff, a lad about 11 years old. He testified that the driver and helper rolled cigarettes and lighted them before driving out of the yard. The questions asked him by both counsel were quite leading, and in answer to such questions he stated at one time that this occurred after they were up on the seat, and at another, that it occurred before they got up on the seat. The children were playing ball in the back yard and the ball had rolled under the van. Plaintiff went under the van to get it. Her brother, seeing her danger, testifies he "hollered" to her. As she was coming out on her hands and knees the van started, the back wheel going over both her hands, dismembering the little finger on one of them, and seriously injuring both. Plaintiff had verdict and judgment and defendant brings the case here for review.

FELLOWS, J. (*after stating the facts*). It is most strenuously urged by defendant's counsel that a verdict for the defendant should have been directed; that

the evidence made no jury question of negligence of defendant's employees; and that in any event error was committed in failing to instruct the jury as requested.

The plaintiff at the time of the accident was but five years old. Her movements were controlled more by the caprice of childhood than the exercise of judgment.

"Children, wherever they go, must be expected to act upon childish instincts and impulses; and others who are chargeable with a duty of care and caution towards them must calculate upon this, and take precautions accordingly." *Powers* v. *Harlow*, 53 Mich. 507.

The case before us is novel and differs from *Powers* v. *Harlow, supra, Anderson* v. *Newport Mining Co.,* 202 Mich. 204, and kindred cases. There is no question but that plaintiff was lawfully upon the premises, nor was the accident occasioned by an instrumentality naturally calculated to attract children. Cases of the line above noted may therefore be dismissed from our consideration and makes it necessary in a considerable degree to seek our authorities outside of those cited in the brief; authorities which by analogy are applicable, however, are not wanting.

In the case of *Oster* v. *Traction Co.,* 195 Pa. 320 (45 Atl. 1006), a child six years and eleven months old had been run over in the street adjoining a schoolhouse. The motorman saw children in the streets. The court said:

"He knew the school house was there, and seeing the children in the road was notice to him that it was recess, or, at least, that the school was not in session. These circumstances put on him the duty of at once getting his car under special control. Whether he did all that was reasonably proper for that purpose was necessarily a question for the jury. The cases of this kind, where it is for the court to direct the ver-

dict, are confined to those in which the uncontested evidence leads to the conclusion that the child ran in front of the car so quickly and under such circumstances that the driver or motorman had no reasonable ground to apprehend such action, and no time after it to avoid the collision."

In *Paducah Street R. Co.* v. *Adkins' Adm'r*, 14 Ky. L. Rep. 425, the decedent was five years and four months old. He, with other children, were in the street as defendant's street car approached. He broke away from the others and ran across the street in front of the approaching car, then turned around and in an attempt to run back was struck by the car, causing his death. In disposing of the case the court said:

"Whether the child had, just before it was struck, run across the track, and whether from that circumstance the motorman should have anticipated that he would turn and attempt to re-cross, and whether, after thus seeing the danger which the child was about to place himself in, he could, with the appliance at his command, have stopped, or so retarded the speed of the cars as to have avoided injuring the child, were proper questions for the jury. Therefore, following the rules so often laid down by the court of appeals, and which show such a reluctance to withdraw from the jury cases presenting questions of negligence, we cannot say that the court erred in refusing the peremptory instruction."

It is not necessary that we subscribe to all that was said in this case; it is illustrative, however, of the tendency of the courts to require a high degree of care for the protection of those of tender years and immature judgment.

In *Citizens' Passenger R. Co.* v. *Foxley*, 107 Pa. 537, the child, aged four years, was injured in the street by a horsecar of the defendant. There was some testimony that the driver was conversing with some one on the platform and was inattentive to the

track in front of him. In holding that a case was made for the jury the court said:

"The parties were equally privileged in the use of the highway, and it was the duty of the defendant's driver, in the enjoyment of his right, to exercise ordinary and reasonable care for the safety of such as he might meet or pass on the way. Whether, if his attention had been wholly given to his business, he might have seen the child in time to avert the injury was, under all the circumstances, clearly for the consideration of the jury. The child, at the time of the injury, being of the age of four years only, no question of contributory negligence can arise."

In *Hearn* v. *Railroad Co.*, 34 La. Ann. 160, the driver on a street car drawn by a mule had stopped the car, set his brakes and gone to the rear to drive off some boys who were jumping on the steps. While he was gone, deceased, a child of 22 months, came from the front steps of her home where she had been left, and was at the front legs of the mule when the driver returned. She was not where she would be seen by the driver, and she had not been playing in the streets. He started the mule forward, and the child was killed. It was held under these facts no negligence was proven. But the same court in the later case of *Barnes* v. *Railroad Co.*, 47 La. Ann. 1218 (17 South. 782), had before it an injury to a 3-year-old child in a public street. There was evidence that the motorman was making change for a passenger and was not attentive to the track ahead of the car. In deciding the case the court quoted the following from *Gallaher* v. *Railroad Co.*, 37 La. Ann. 288:

"If the accident happen from a sudden and unanticipated act, which is the result of the thoughtless impulse of a child, of which human forethought could not be prescient, no liability attaches to the driver or to his employer."

And then said:

"The rule thus formulated is undeniably correct, and does not differ from the rule we have quoted from Thompson and Beach. But is this one such a case? Evidently not. For instead of the motorman of de-fendant's car being on the lookout while his car was slowly descending the switch to the main track, propelled by its own momentum, he was engaged in making change for a passenger; and, in consequence of his attention having been thus diverted, he failed to observe the perilous situation of the child in time to arrest the progress of the car, and prevent the happening of the untoward event."

In *Passamaneck's Adm'r* v. *Railway Co.,* 98 Ky. 195 (32 S. W. 620), the child killed was but 16 months old. After considering the authorities the court said:

"If the driver of the car could have discovered the presence of the child on the track, by proper care and diligence, in time to have avoided the injury, it was his duty to do so. If he failed to do this, then the contributory negligence of the parents, if they were guilty of any, was canceled by the negligence of appellee's servant.

"A greater degree of vigilance and caution must be observed in controlling the movements of street cars, to prevent injuries to children, than is required for the safety of adults not laboring under disabilities."

In *Rosenkranz* v. *Railway Co.,* 108 Mo. 9 (18 S. W. 890), the child was four years old. Holding that a case was made for the jury the court said:

"The street was a public highway open to the use of all persons, children as well as adults, at all places and not alone at intersections and crossings of other streets. This point on the street being much frequented by children demanded the greater vigilance on the part of the driver, and the fact that it was growing dark did not release him from watchfulness and caution, but rather demanded increased vigilance."

See, also, *Levy* v. *Railroad Co.,* 12 N. Y. Supp. 485; *Healy* v. *Johnson,* 127 Iowa, 221 (103 N. W. 92); *Bergen County Traction Co.* v. *Heitman's Adm'r,* 61

N. J. Law, 682 (40 Atl. 651); *Wallace* v. *Railway Co.*, 26 Or. 174 (25 L. R. A. 663, 37 Pac. 477); *Zuponcic* v. *Brewing Co.*, 131 Minn. 112 (154 N. W. 790).

When we take into consideration all the facts and circumstances of this case; the fact that these six children of immature age were playing around this van, and in the front and small back yard during the three hours defendant's agents were loading the van; that without any attempt to discover the whereabouts of the children, or to ascertain whether they were dangerously situated with reference to the van; that under one version of the transaction they remained under the cover of the van long enough to roll and light cigarettes and started without any outlook; the outcry of plaintiff's brother; the immature age of the plaintiff with her childish instinct and impulses, which must have been known by defendant's agents; when all these things are considered we are impressed that we cannot say as matter of law that a case was not made for the jury, or that the jury was not authorized in finding that the negligence of the defendant's agents was the proximate cause of the injury. It was not error to refuse to direct a verdict.

While we are satisfied that the jury would be authorized in finding that defendant's negligence was the proximate cause of the accident, we are also satisfied that the jury would be authorized in finding that the accident was due to the sudden, unanticipated and unforeseen act of the plaintiff in running after the ball and going under the van to get it. The defendant requested the court to charge the jury:

"5. In this case the defendant claims that the plaintiff and other children were playing ball in the back yard of the house where these goods were being moved out; that after the van was loaded up the defendant's servants got on the wagon to drive away and just at the time the driver was about to start the horses the ball was thrown by someone from the back yard and

went under the back end of the van, and that this little girl, the plaintiff, suddenly and unexpectedly ran from the back yard to and under the back end of the van to get the ball, and that her hands were caught under the back wheel, and that this was a sudden and unexpected act on the part of this child, which the driver did not anticipate.

"6. Now, I charge you as a matter of law that if this injury and accident was due to the sudden, unanticipated and unforeseen act of this child and the defendant's agents did not know or did not have reason to anticipate that this plaintiff was going to suddenly run under the back of the wagon, she cannot recover in this case. The law does not impose any duty on another to guard against sudden, unforeseen and unanticipated acts of another."

Other requests of similar purport to the sixth were also preferred. The trial judge gave the fifth request but refused the sixth and similar requests. In general terms he instructed the jury as to what constituted negligence. The fifth request stated defendant's claim, the sixth stated the law applicable to such claim. Where the accident results from the sudden and unanticipated act of a child of immature years which could not be foreseen or guarded against, there is no liability. Baldwin on Personal Injuries (2d Ed.), § 198; *Hoover* v. *Railway Co.*, 188 Mich. 313; *Eichkern* v. *Brewing Co.*, 181 Mich. 1; *Greenberg* v. *Railroad Co.*, 35 App. Div. 619 (55 N. Y. Supp. 135); *Callary* v. *Transit Co.*, 185 Pa. 176 (39 Atl. 813); *Chilton* v. *Traction Co.*, 152 Pa. 425 (25 Atl. 606). The sixth request should have been given either specifically or in substance. It was not sufficient to give in general a definition of negligence. The court gave to the jury defendant's claim. It was entitled to have this done if the facts justified it as they did in this case. It was also entitled to have the law applicable to such claim given to the jury. This was not done. For this error we are constrained to reverse

the case. A new trial will be granted, with costs to appellant.

BIRD, MOORE, STEERE, STONE, and KUHN, JJ., concurred with FELLOWS, J.

BROOKE, J. (*dissenting*). I am of opinion there was no evidence of defendant's negligence and a verdict should have been directed.

OSTRANDER, C. J., concurred with BROOKE, J.