EMIL SPIERING, AS ADMINISTRATOR OF THE ESTATE OF ORVILLE SPIERING, DECEASED, AND OTHERS v. CITY OF HUTCHINSON AND ANOTHER. CITY OF HUTCHINSON, APPELLANT.[1]

November 18, 1921.

No. 22,446.

**Municipal corporation — injury to child — negligence.**

A heavy plank was removed from a defective culvert and laid in the bottom of a ditch at the side of a street by property owners. A child playing in the street lifted one end of the plank and let it fall in such

[1]Reported in 185 N. W. 375.
150 M.—20.

a manner that a nail in the plank pierced his foot. *Held* that the city was not chargeable with negligence in failing to foresee and guard against such an unlikely occurrence.

Action in the district court for McLeod county to recover $7,600.85 for the death of plaintiff's intestate. The case was tried before Tifft, J., who when plaintiff rested denied defendants' motions to dismiss the action, and at the close of the testimony defendants' separate motions for directed verdicts, and a jury which returned a verdict for $1,146 against the city of Hutchinson. The motion of defendant city for judgment notwithstanding the verdict, was denied. From the judgment entered pursuant to the verdict, the city of Hutchinson appealed. Reversed.

*Sam G. Anderson,* for appellant.

*T. O. Streissguth* and *Mueller & Streissguth,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict against defendant city on the ground that the death of plaintiff's minor child resulted from the negligence of the city. The city made a motion for judgment notwithstanding the verdict, and thereafter appealed from the judgment entered on the verdict.

The facts are undisputed. To afford access to an alley from a street in the residence part of the city, a wooden culvert had been constructed across the ditch which served as a gutter at the side of the street. This culvert decayed and caved in in such a manner that one of the planks obstructed the entrance to the alley. On April 10, 1920, defendant Schramm and other residents of the block removed this plank from the entrance to the alley and placed it in the ditch at one side of the alley. Several nails protruded through the plank, and it was laid flat on the ground in such a manner that the points of the nails were forced into the soil. On May 22, 1920, plaintiff's little boy, Orville, six years of age, and another little boy about the same age, were playing in the vicinity of this plank, and Orville lifted up one end of the plank and then dropped it. As the plank fell back a nail in that end of it struck and penetrated Orville's foot. Lockjaw set in and resulted in his death.

The jury returned a verdict in favor of defendant Schramm, but against defendant city.

Assuming that the city knew, or from the lapse of time ought to have known, that the plank was lying in the bottom of this ditch or gutter, was the accident one which the city, in the exercise of ordinary care, ought to have anticipated and guarded against? Plaintiff relies largely on Rothenberger v. Powers F. F. & T. Co. 148 Minn. 209, 181 N. W. 641, and Zuponcic v. Val Blatz Brewing Co. 131 Minn. 112, 154 N. W. 790. Both these cases are distinguishable from the present case on the facts. In the Rothenberger case a skid weighing some 500 pounds was left in an alley leaning against a building in such an unstable manner that the weight of the child, when he attempted to walk along the projecting runner or timber, toppled it over upon him. In the Zuponcic case the delivery wagon was backed against the curb. The tailboard was let down and rested on a box on the sidewalk. A half-barrel of beer was left standing partly on the tailboard and partly on the floor of the wagon, while the driver went inside the building. A small boy remained on the seat in the wagon, and the driver knew that other children were on the sidewalk. As one of them was attempting to get into the wagon from the sidewalk, the horse started up pulling the tailboard off the box which supported it and the half-barrel of beer fell on the child. In both these cases the court held that whether it was negligence to leave these articles in such an unsafe position in a public highway where children had the right to be, and were accustomed to play, was a question for the jury.

In the present case the plank was not in the traveled part of the way, but lying flat in the bottom of the ditch at the side of the way. The points of the nails protruded from the bottom side of the plank and were imbedded in the soil underneath the plank. No danger was to be apprehended from the plank while it remained in this position. It was 10 feet long, 12 inches wide, two inches thick and very heavy. The city was required to exercise ordinary care to keep its streets reasonably safe for public use, but was not required to anticipate and guard against improbable dangers. That any one would attempt to handle or move this plank and be injured while doing so, was so improbable that we

think the city cannot be charged with negligence for failing to antici-
pate and guard against such an unlikely occurrence. Boyd v. City of
Duluth, 126 Minn. 33, 147 N. W. 710, and cases there cited. In reach-
ing this conclusion we have not considered the inconsistency of the ver-
dict in holding the city liable while exculpating defendant Schramm
who placed the plank in the ditch.

The judgment is reversed and judgment directed for defendant city.