JOHN E. WATERS *vs.* PIONEER FUEL CO.

Argued Nov. 18, 1892. Decided March 13, 1893.

**A Person Delivering Coal Was a Servant of the Seller.**

*Held*, under the evidence, as appearing upon the record, that an employe of the defendant, a fuel company, engaged in delivering coal for the company at a stipulated price per load, was a servant of the company, and not an independent contractor, merely.

**It was Negligence to Omit to Properly Re-Cover Coal Hole in Sidewalk.**

And where such employe delivered a load of coal through an opening in a sidewalk, uncovered for the purpose, and, after the coal had been so delivered, replaced the cover over the opening so imperfectly and insecurely as to render the same dangerous to persons passing along the sidewalk, *held*, that the jury were justified in finding that it was part of the teamster's business to replace the cover, and that the submission of that question to the jury was not ground of exception by the defendant.

Appeal by defendant, Pioneer Fuel Company, a corporation, from a judgment of the Municipal Court of the City of Minneapolis, *Mahoney*, J., entered June 15, 1892, for $223.73.

On February 29, 1892, defendant sold a ton of coal to D. F. Flatau, the occupant of the store No. 324 Nicollet avenue, Minneapolis, and directed John West to deliver it. West owned the horses, harness and wagon used in delivering the coal, but the box on the wagon belonged to defendant. West had a contract with defendant to deliver coal sold by it. He was to load the coal onto the wagon, and haul it to the purchaser and unload it, deliver the bill and get the pay for it. For this, he was paid every week at the rate of thirty-five cents per ton. About noon of that day West took the coal to the purchaser, and was by him directed to unload the coal through the round hole in the stone sidewalk in front of the store. The iron cover was unfastened from beneath the walk and taken off. West then unloaded the coal through the hole by means of a chute and placed the cover over the hole. Before he had driven away, the plaintiff, John E. Waters, an attorney at law, in passing by on the

sidewalk, stepped on the cover, and it gave way, and he fell partly into the hole and received personal injury.

*Kitchel, Cohen & Shaw,* for appellant.

When one lets a contract to another to do a particular work, reserving to himself no control over the manner in which the work shall de done, except that it shall conform to a certain standard when completed, he is not liable for the negligence of the person to whom he let the contract. The employe is an independent contractor. *New Albany F. & R. Mill Co.* v. *Cooper,* 131 Ind. 363; *Callahan* v. *Burlington & M. R. R. Co.,* 23 Iowa, 562; *Forsyth* v. *Hooper,* 93 Mass. 419; *De Forrest* v. *Wright,* 2 Mich. 368; *Butler* v. *Townsend,* 126 N. Y. 105; *Fink* v. *Missouri Furnace Co.,* 82 Mo. 276; Town of *Pierrepont* v. *Loveless,* 72 N. Y. 211; *Conners* v. *Hennessey,* 112 Mass. 96; *Brown* v. *McLeish,* 71 Iowa, 381; *Cunningham* v. *International R. Co.,* 51 Texas, 503.

In order to create the relation of master and servant, there must be reserved by the employer the control of his employee as to the manner in which the work shall be performed. *Singer Mfg. Co.* v. *Rahn,* 132 U. S. 518. The relation between West and defendant was a question of fact for the jury. The burden was upon plaintiff to prove that West was defendant's servant. *King* v. *New York Cent. & H. R. R. Co.,* 66 N. Y. 181; *Hexamer* v. *Webb,* 101 N. Y. 377; *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S. 408; *Hass* v. *Philadelphia & S. M. S. Co.,* 88 Pa. St. 269; *Mullan* v. *Philadelphia & S. M. S. Co.,* 78 Pa. St. 25; *Kellogg* v. *Payne,* 21 Iowa, 575.

It was a question for the jury to determine whether West, in replacing the cover upon the coal hole, was acting as servant of Flatau, to whom the coal was delivered, or of defendant. The only directions as to the mode of delivering the coal were given by Flatau, and the coal hole was opened by Flatau's employe, without any act on the part of West. *Clapp* v. *Kemp,* 122 Mass. 481.

*A. H. Noyes* and *John E. Waters,* for respondent.

John West was the servant or employe of the Pioneer Fuel Company, so as to make it liable for his carelessness or negligence within

the scope of his employment. *Du Pratt* v. *Lick*, 38 Cal. 691; *Sproul* v. *Hemmingway*, 14 Pick. 1. It makes no difference whether the servant was hired by the job, or by time. Smith, Master & Servant, 323; *Fink* v. *Missouri Furnace Co.*, 10 Mo. App. 61; *Corbin* v. *American Mills*, 27 Conn. 274; *Perry* v. *Ford*, 17 Mo. App. 212. Whether one is a servant or an independent contractor, under a given and undisputed statement of facts and circumstances, is a question of law. *Singer Mfg. Co.* v. *Rahn*, 132 U. S. 518; *De Forrest* v. *Wright*, 2 Mich. 368.

VANDERBURGH, J. The defendant's employe, engaged in hauling coal, delivered by its order a ton of coal to one of its customers in the city of Minneapolis. He delivered the coal through a hole in the sidewalk in front of the premises of the purchaser, into a vault or bin under the sidewalk, connected with the premises. After the coal was unloaded, he took out the chute through which it was delivered, and put the cover over the hole, but, as is alleged, failed to replace it properly; and the plaintiff, who soon after passed along, stepped upon it, and was precipitated into the hole, and injured. He brings this action against the defendant, and insists that it is a case where *respondeat superior* applies. The defendant, however, resists this claim on the ground that the person delivering the coal was not its servant, but an independent contractor.

The evidence of the nature of his employment, which is undisputed, is that he had applied to the defendant for work, and had worked for the fuel company about three months; had worked almost every day for them, delivering coal; and was paid 35 cents per ton for delivering it, and got his pay every week. He owned the team, and the running gear of the wagon. The defendant furnished him the wagon box. He was not sure of business every day, and could quit when he wanted to, though the fact that he was paid every Saturday night shows that the employment was continuous until suspended. He had not, however, quit, or been discharged, when this coal was delivered. When the order for this ton of coal came in, it was delivered to him to execute, and the amount, quality, and price specified. He loaded the coal, and took it to the specified place, got

the money for it, and, after the coal was delivered, procured the receipt, acknowledging its delivery, and returned it, and the money, to the defendant.

We think this evidence shows that the person who delivered the coal was in the service of the defendant, though the term of service was precarious; and we do not see that it is material that he was paid by the load, by the hour, or by the day for his work. He represented the master in all the details of the work enumerated, and, while he remained in defendant's employment, he was subject to its control. If he had been at work by the day or by the month, and had been furnished with a team and wagon by the defendant, would the circumstances of the delivery have been any different? Or would the control of the defendant over the acts of the employe have been otherwise or greater than it was? His orders were to collect the pay for the coal in advance. If it had not been so paid for, he would have been obliged to have brought the coal back to the yard. The testimony shows that he had worked for the company about three months, hauling coal daily. He had in the mean time rendered service for no one else, and appeared to be subject to its orders, and was treated as one of its teamsters or drivers.

It is not easy to frame a definition of the terms "independent contractor" that will satisfactorily meet the conditions of different cases as they arise, as each case must depend so largely upon its own facts. One text writer declares such contractor to be one who undertakes to do specific pieces of work for other persons, without submitting himself to their control in the details of the work, or one who renders the service in the course of an independent employment, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished. 1 Shear. & R. Neg. §§ 164, 165.

So it is said that an independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to the control of his employer, except as to the result of the work. *Powell* v. *Virginia Const. Co.*, 88 Tenn. 692, (13 S. W. Rep. 691.)

The plaintiff is not concluded by these definitions. But, without

attempting to discuss abstract definitions, we feel satisfied that, upon the undisputed facts in the case, the court was right in holding that the relation existing between the defendant and the carrier of the coal was that of master and servant.

2. Assuming, then, that such relation existed between the teamster and the defendant in hauling and handling the coal, was he its servant in the particular matter of closing the opening in the sidewalk? Upon this matter the court instructed the jury, in substance, that it was for them to determine whether it was a part of the driver's business to replace the cover, and, if it was not, then the plaintiff could not recover; but if they found that it was, and that he replaced it in a careless and improper manner, resulting in the injury complained of, plaintiff should recover. Whether this proposition was or was not strictly accurate, we think it sufficiently favorable to the defendant.

It was left to the jury to determine, as a question of fact, whether it was his duty, as the servant of the defendant, to replace the cover; and the evidence certainly tended to show this, and will support such a finding by the jury.

The evidence shows that the teamster brought the coal to the store, and at his request the opening was uncovered. It had to be opened from the inside. He then placed the chute into the opening, shoveled the coal into it, took out the chute, which was a sufficient protection while there, replaced the cover, and went into the store for the receipt. He represented the defendant in removing the chute and getting the receipt, and the court will not assume that his agency was temporarily suspended while he was in the act of replacing the cover. It seems to us the jury were justified in finding—if, indeed, the evidence did not require them to find—that when the defendant removed the chute, and thus left an opening in the sidewalk eminently dangerous, it was its duty to cover it properly, or otherwise protect it till the occupant of the premises could attend to it. Whether an independent action might be sustained against the occupant of the store on account of the dangerous condition in which the sidewalk was left, we need not inquire.

If the instruction, as given on this subject, was not as clear or

specific as defendant desired, it should have asked more specific in-
structions. No other matters need be considered.

Order affirmed.

(Opinion published 55 N. W. Rep. 52.)