E. J. KELLEHER, Appellant, v. SCHMITT & HENRY MANU-FACTURING COMPANY.

Master and Servant: INDEPENDENT CONTRACTOR: NEGLIGENCE: EVI-DENCE.   Where a manufacturer contracts for certain work in its completed stage, leaving the method and means by which the result shall be produced entirely to the contractor, an employe injured by the negligence of the contractor must look to him for his damages and not to the manufacturer.   Evi-dence considered and held insufficient to show ' a relation of master and servant between the employe and manufacturer, or that plaintiff's injuries resulted from its negligence.

*Appeal   from   Polk   District   Court.*—HON.   WM.   H. McHENRY, Judge.

SATURDAY, FEBRUARY 6, 1904.

ACTION to recover damages for personal injuries re-ceived by plaintiff while employed on defendant's premises. At the close of plaintiff's evidence the court, on motion, di-rected a verdict for defendant, and from the judgment thereon plaintiff appeals.—*Affirmed.*

*C. J. Donnelly* and *J. C. Hume* for appellant.

*Carr, Hewitt, Parker & Wright* for appellee.

McCLAIN, J.—In 1891, when plaintiff was about twelve-years of age, he received the injury complained of, and within a few months after attaining majority he instituted this ac-tion to recover damages therefor. Plaintiff's evidence tended to show the following state of facts: That the defendant

company was engaged at the time of the injury to plaintiff in manufacturing furniture, mattresses, etc., and that it had a contract with the firm of Christolfsen & Anderson, as independent contractors, to fill mattresses with such material as should be directed by defendant's foreman, the company furnishing the empty ticks and the material to be used, and paying Christolfsen & Anderson a fixed price for each mattress turned out which on inspection was found to be properly filled. The firm of Christolfsen & Anderson occupied, in doing this work, a portion of the third floor of defendant's factory, and, in preparing the material to fill the mattresses made use of a machine belonging to defendant. The room and machinery used by Christolfsen & Anderson were furnished by defendant under the oral agreement under which the work was contracted for, and the firm agreed to keep the machinery in repair. The plaintiff was employed by a member of the firm of Christolfsen & Anderson to work in running this machine, and while doing so received injuries, due to a defect resulting from the negligent method of repairing a break therein, which had been caused a few days before by the negligence of an employe of Christolfsen & Anderson while it was being used for them under their contract. Christolfsen & Anderson had the sole authority to hire and discharge employes in their work, and their employes, including plaintiff, were to be paid by them out of the compensation which they received from defendant for the work done, though the evidence is in conflict as to whether the firm drew the money from the defendant and paid it out to their employes, or whether the employes got their money at the office of defendant company, the company deducting the amount thus paid from the compensation due to the firm. However this may be, plaintiff had never in fact received any compensation in either form, as he had been at work for the firm but a few days before the accident happened. It should be further stated that plaintiff had been in the employ of the defendant for a short time before entering into the employment of the firm, but it appears without question that he un-

derstood, when he was discharged by defendant and at the recommendation of defendant's foreman entered into the employment of the firm, that he was accepting a new employment. The work which plaintiff was doing was entirely under the control of Christolfsen as a member of the firm, and neither the officers of the defendant company nor their foreman exercised any control whatever over the machinery, the employes, or the work of the firm, except that involved in the act of the foreman of defendant in delivering empty ticks and material to the firm with direction as to the material with which the ticks should be filled, and examining the ticks, when filled, for the purpose of determining whether they should be accepted or rejected.

Defendant's motion for a directed verdict was on two grounds: First, that there was no evidence to show negligence on the part of defendant, nor want of contributory negligence on the part of plaintiff; and, second, that the evidence showed without controversy that the relation of master and servant did not exist between the plaintiff and the defendant, and that there was no evidence tending to show that the defects complained of were in any way attributable to any negligence on the part of defendant. As the motion was sustained without specification by the court as to which of these grounds was deemed sufficient, we must sustain the ruling, if it was correct on either ground; and as we reach the conclusion that the second ground of the motion was well taken, we have only set out so much of the evidence as is applicable to the questions thus raised.

Counsel for appellant contend that Christolfsen & Anderson were not independent contractors, but vice principals, for whose negligence in the management of the machinery defendant was liable; that whether or not, as between the defendant and Christolfsen & Anderson, the latter were independent contractors, the circumstances were such as to lead plaintiff to reasonably believe that he was in the employ of the defendant; and that, even if plaintiff is not entitled to be considered an employe of defendant, nevertheless the defend-

ant owed a duty to him with respect to seeing that the machinery which he was using on defendant's premises was safe, and kept in good repair. There seems to be no reasonable ground for doubt, under the evidence, that Christolfsen & Anderson were independent contractors, and that plaintiff was in their employment, and not in the employment of defendant. The cases relied on for appellant are those in which it appears that the person employing and discharging workmen was acting in that capacity for the owner of the premises, who had the right to exercise a control over him as to the method of doing the work; that is, cases in which the right of general supervision and the duty with reference thereto remained with the owner, and were not transferred to or assumed by the so-called contractor. Of such character are the cases of *Railroad Company v. Hanning,* 15 Wall. 649 (21 L. Ed. 220) ; *Linnehan v. Rollins,* 137 Mass. 123 (50 Am. Rep. 287) ; *Hughbanks v. Boston Investment Co.,* 92 Iowa, 267 ; *Waters v. Pioneer Fuel Co.,* 52 Minn. 474 (55 N. W. Rep. 52, 38 Am. St. Rep. 564). If the owner contracts for a specific result, leaving it to the contractor to determine in what method and by what means such a result shall be produced, the employes of the contractor cannot look to the owner for damages resulting from negligence of the contractor as to the means employed or methods used in producing such result. *Humpton v. Unterkircher,* 97 Iowa, 509. In this case it is clear from the facts, as already stated, that the contract between the defendant and the firm was with reference to the result, and not as to the means or methods employed. Plaintiff was therefore not an employe of defendant, but of the firm, and must look to his employer for any damages occasioned by the negligence of the firm or one of its members in the conduct of the business.

There is no evidence to support the contention that plaintiff had reason to suppose that he was an employe of defendant. Nothing said or done by any officer or employe of the defendant, so far as shown by the evidence, tended to lead him to entertain any such be-

lief; and, indeed, his own evidence shows that he did not consider himself an employe of defendant, but that he understood he was working for Christolfsen & Anderson.

Under some circumstances the owner is liable to the employe's of an independent contractor, but to give rise to such liability there must be some negligence on the part of the owner. If the premises on which the contractor's employes are to work in carrying out the contract are under the control of the owner, it is his duty to use reasonable care to see that they are safe. *Toomey v. Donovan,* 158 Mass. 232 (33 N. E. Rep. 396); *Bright v. Barnett & Record Co.,* 88 Wis. 299 (60 N. W. Rep. 418, 26 L. R. A. 524). The owner, no doubt, is liable also if the premises or machinery furnished to the contractor with which to do the work is defective. Certainly this is so where the premises and machinery provided remain under the control of the owner, and he is under obligation to keep them in repair. *Neimeyer v. Weyerhauser,* 95 Iowa, 497; *Johnson v. Spear,* 76 Mich. 139 (42 N. W. Rep. 1092, 14 Am. St. Rep. 298); *Samuelson v. Cleveland Iron Mining Co.,* 49 Mich. 164 (13 N. W. Rep. 499, 43 Am. Rep. 456); *Coughtry v. Globe Woolen Co.,* 56 N. Y. 124 (15 Am. Rep. 387). But where the premises and machinery are in good condition when delivered into the exclusive possession and control of the contractor, and he undertakes to keep them in repair, the owner is absolved from further liability to the contractor's employes. *Hughbanks v. Boston Investment Co.,* 92 Iowa, 267; *Miller v. Minnesota N. W. R. Co.,* 76 Iowa, 655.

The court properly directed a verdict for defendant, and the judgment is AFFIRMED.