BIRDIE WINTERS v. AMERICAN RADIATOR COMPANY
and Another.[1]

February 26, 1915.

Nos. 19,050—(244).

**Injury to pedestrian — negligence of carrier — liability of shipper.**

The defendant radiator company employed a transfer company to make deliveries for it. The transfer company exercised an independent calling, routed the deliveries, took other deliveries with those of the defendant, received an agreed compensation per hundred weight, and the defendant exercised no control over it. A driver, in making a delivery, negligently left some radiators in the sidewalk space, and the plaintiff fell over them and was injured. It is *held* that the transfer company was an independent contractor and the defendant is not liable on the doctrine of *respondeat superior*.

Action in the district court for Ramsey county to recover $5,500 for injuries received in falling over an obstruction upon the sidewalk. The case was tried before Catlin, J., who when plaintiff rested granted the motion of the American Radiator Co. to dismiss the action as to it and of his own motion extended the order to apply to defendant Cavanaugh Transfer & Storage Company. From an order denying her motion for a new trial, plaintiff appealed. Affrmed.

*H. A. Loughran,* for appellant.

*Lind, Ueland & Jerome,* for respondent radiator company.

DIBELL, C.

The plaintiff fell over some radiators left on the sidewalk space

[1] Reported in 151 N. W. 277.

Note.—As to the liability of the master for obstructions or defect in street caused by an independent contractor, see note in 20 L.R.A.(N.S.) 547.

On the question whether persons who furnish teams and men to do various kinds of work are independent contractors, see note in 65 L.R.A. 467.

and was injured. This action was brought against the defendant American Radiator Co. and another, for damages sustained through such fall. The case was dismissed as to the radiator company at the close of the testimony. The plaintiff appeals from the order denying her motion for a new trial.

The American Radiator Co. sold these radiators to one Stone, who as contractor was constructing a residence. It employed the Cavanaugh Transfer & Storage Co. to make delivery. The method of their doing business was this: When the radiator company wished material delivered by the transfer company it telephoned it, giving the place of delivery. The transfer company routed its deliveries so as to make an economical transfer; that is, it made out a number of deliveries which a particular wagon on a particular day could economically make and such wagon made the deliveries. The wagon took the radiators about nine o'clock in the morning. It made a number of other deliveries coming within its route—in all something like eight or nine. About half past eight in the evening it reached the premises at which the radiators were to be delivered. This was the last delivery but one for the day. The driver left the radiators on the sidewalk space in front of the lot adjoining the residence being constructed. In doing this he was negligent.

The question is whether the transfer company, in making the delivery, was a servant of the defendant for whose acts it is liable under the doctrine of *respondeat superior,* or an independent contractor for whose acts it is not liable. The defendant exercised no control over the transfer company in the doing of the work. It paid it an agreed compensation per hundred weight. It used this company and other companies. The transfer company exercised an independent calling. The arrangement between the radiator company and the transfer company was a common one. We are unable to hold that the doctrine of *respondeat superior* applies. The case is quite unlike Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564, where the teamster was hired with his team and was in control of the defendant and under its special direction. The transfer company was an independent contractor and the case comes fairly

within the following cases so holding: Riedel v. Moran, Fitzsimons Co. 103 Mich. 262, 61 N. W. 509 (plaintiff, a pedestrian, struck by barrel rolled out of defendant's warehouse on sidewalk by employee of cartage company under contract with defendant to do its carting); Foster v. Wadsworth-Howland Co. 168 Ill. 514, 48 N. E. 163 (death of child on street caused by negligence of driver of teaming company delivering for the defendant at an agreed sum per week); Moore v. Stainton, 80 App. Div. 295, 80 N. Y. Supp. 244, affirmed in 177 N. Y. 581, 69 N. E. 1127 (plaintiff injured while standing on street by being struck by a truck engaged in delivering merchandise of defendant); Burns v. Michigan Paint Co. 152 Mich. 613, 116 N. W. 182, 16 L.R.A.(N.S.) 816 (plaintiff, a pedestrian, injured by express wagon of a licensed expressman delivering merchandise for defendant); DeForrest v. Wright, 2 Mich. 368 (plaintiff, a pedestrian, injured by negligence of licensed drayman in unloading merchandise on sidewalk, he being employed by defendants to haul merchandise from warehouse and deliver to their store); Chicago Hydraulic Press Brick Co. v. Campbell, 116 Ill. App. 323 (injury through negligence of driver of teaming company hauling for defendant company which directed when to haul and where to make delivery); Wood v. Cobb, 13 Allen, 58 (plaintiff struck and injured by wagon of one who had contracted to do all the delivering for the defendant); Fink v. Missouri Furnace Co. 82 Mo. 276, 52 Am. Rep. 376 (child killed by negligence of one who dug and hauled sand from defendant's land to its furnace at a specified compensation per load); Catlin v. T. B. Peddie & Co. 46 App. Div. 596, 62 N. Y. Supp. 76 (plaintiff injured by negligence of employee of truckman engaged in making a delivery for defendant).

Order affirmed.