# THEODORE L. BOLL v. C. S. BRACKETT COMPANY.[1]

June 30, 1916.

Nos. 19,751—(156[2], 17[3]).

**Independent contractor — question for jury.**

>    1. On the facts stated in the opinion it is *held* that the question
> whether the person whose negligence caused the accident in which
> plaintiff sustained injuries was the servant of appellant, so that the
> rule of *respondeat superior* applied, or whether he was the servant of
> an independent contractor, was, on the evidence, for the jury and its
> finding thereon is sustained.

**Contributory negligence — question for jury.**

>    2. The question of plaintiff's contributory negligence was for the jury,
> and the evidence supports the finding on this issue.

Action in the district court for Hennepin county against C. S. Brackett Company and Twin City Motor Service Company to recover $15,300 for personal injury in a collision with defendants' automobile. The separate answer of the Brackett Company alleged that at the time of the injury the automobile was not under its control or charge or supervision, either directly or indirectly. The case was tried before Dickinson, J., and a jury which returned a verdict for $2,120. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant Brackett Company appealed. Affirmed.

*Kerr, Fowler, Schmitt & Furber,* for appellant.

*Hall, Tautges & Sapiro,* for respondent.

[1]Reported in 158 N. W. 609, 159 N. W. 1095.
[2]October, 1915, term calendar.        [3]April, 1916, term calendar.

Note.—As to which of two or more persons is master of a third, see note in 37 L.R.A. 33.

As to who are independent contractors generally, see notes in 65 L.R.A. 445; 17 L.R.A.(N.S.) 371.

BUNN, J.

Plaintiff, while riding a bicycle on Hennepin avenue in Minneapolis, was injured in a collision with a motor truck driven by one Sather and belonging to defendant Twin City Motor Service Company. Plaintiff brought this action to recover for his injuries, joining as defendants C. S. Brackett Company, and the Twin City Motor Service Company. The alleged liability of C. S. Brackett Company is predicated upon the theory that the relation of master and servant existed between it and the driver of the motor truck. There was a verdict of $2,120 in favor of plaintiff and against defendant C. S. Brackett Company, which moved for judgment in its favor notwithstanding the verdict or for a new trial, and appeals to this court from an order denying this motion.

1. Aside from a contention that plaintiff was guilty of contributory negligence, the assignments of error all concern the question of independent contractor. The appellant contends that this relation existed between it and the Motor Service Company, and that the driver of the motor truck, whose here admitted negligence caused the accident, was the servant of that company and not of appellant; while plaintiff takes the position that the driver was the servant of appellant, or at least that the question was for the jury, and properly submitted to that body. The facts upon which the determination of this question must be based are as follows:

C. S. Brackett Company has for many years conducted a large wholesale and retail grocery business in Minneapolis. Prior to December 1, 1912, it did its own hauling, expressing and delivering, with horses and wagons of its own. Twin City Motor Service Company was incorporated in September, 1912, for the purpose, among others, of dealing in automobiles and motor trucks and doing a public service business. In October, 1912, it entered into a contract with appellant, by which it was provided that the Motor Service Company would do all the hauling of merchandise and delivery work of appellant during a period of three years from December 1, 1912. The Motor Service Company agreed to furnish all motor trucks necessary to do the work of delivering, a competent driver with each truck, and such extra men as might be necessary, the drivers and extra men to be satisfactory to appellant and to be assigned to its exclusive use. They were to report to appellant for work each week

day at 7:30 a. m. and to continue to work each day until all deliveries had been made. It was provided in the contract that the drivers and extra men should be "at all times under the supervision and direction" of appellant, and that each should use his truck to perform such service as "directed or requested" by appellant or its agent. The service company paid the drivers and extra men, owned the trucks, and kept them in repair. Except for this, the delivery work of appellant was done much as it was before the contract was made. The men and trucks were exclusively in its service from 7:30 each morning until the work for the day was done and the men told to go home. They did such work in the way of hauling and delivering as appellant directed them to do. Drivers formerly in the employ of appellant were taken over by the service company and used for appellant's work. The contract provided that each truck should be lettered at the expense of the service company, but under the direction of appellant, which lettering might include notice that the truck was owned and operated exclusively by the service company, and that all extra trucks furnished should have portable signs designed by appellant. The truck which collided with plaintiff had the words "C. S. Brackett Co." on the rear portion thereof, and was at the time of the accident being used in appellant's delivery work.

A provision of the contract upon which counsel for appellant lay some stress is this: It was expressly agreed that, for any act or omission of the drivers or extra men as a result of which any injury or damage was sustained, or claimed to be, or any liability created or asserted, the drivers and extra men should be the servants of the service company, and not of appellant; the service company agreed to "indemnify, protect and save harmless" the appellant from and against all liability arising out of the operation of the trucks, or the negligence of the drivers or extra men, and agreed to carry liability insurance in a stated sum for the benefit both of itself and of appellant.

Appellant agreed to pay for the use of the trucks and the service provided for, the sum of $10,000 per year, in equal semi-monthly instalments, and an additional sum in case of increases in the monthly stops over those made in December, 1912, and January, 1913.

It seems to us that the facts bring this case within the numerous

decisions of this court in which it is held that the relation between the defendant and the person whose negligence causes the accident is that of master and servant, or that the question is for the jury. We have often and recently had occasion to discuss the subject. Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Rait v. New England Furniture Co. 66 Minn. 76, 68 N. W. 729; Gahagan v. Aermotor Co. 67 Minn. 252, 69 N. W. 914; Johnson v. Crookston Lumber Co. 95 Minn. 142, 103 N. W. 891; Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492; Ray v. Jones & Adams Co. 92 Minn. 101, 99 N. W. 782; Anderson v. Foley Bros. 110 Minn. 151, 124 N. W. 978; Aarnes v. Great Northern Ry. Co. 129 Minn. 467, 152 N. W. 866; Zuponcic v. Val Blatz Brewing Co. 131 Minn. 112, 154 N. W. 790. In the case at bar the drivers of the trucks and the other men were subject to the orders of appellant as to the time, place and manner of doing their work. They were "at all times under the supervision and direction" of appellant, and they were to use the trucks to "perform such service as is directed or requested" by appellant. It is not controlling that they were paid by the service company, or that that company was paid by the year. Counsel for appellant rely on the cases of Meyers v. Tri-State Automobile Co. 121 Minn. 68, 140 N. W. 184, 44 L.R.A.(N.S.) 113; and Winters v. American Radiator Co. 128 Minn. 508, 151 N. W. 277, L.R.A. 1915D, 476. The Meyers' case holds that where a dealer in automobiles and owner of a garage lets a car for hire and furnishes a driver, exercising no control over the driver except to tell him where to go, what route to take and to caution him against improper driving, he is responsible for the negligence of the driver under the rule of *respondeat superior*. Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073, is similar in its facts, and the same rule was applied. That these cases do not aid appellant is clear. In the Winters case, the defendant employed a transfer company to deliver its radiators to customers at an agreed compensation per hundred weight. When the radiator company wished material delivered it telephoned the transfer company, giving the place of delivery; the transfer company took other deliveries with those of the radiator company, and followed its own route so as to make an economical transfer; the radiator company exercised no control over the transfer company in the doing of the work. The

holding that the transfer company was an independent contractor was based on the peculiar facts in the case, which were vitally different from those in the case at bar.

Manifestly the provision in the contract that the drivers and other men should be considered the servants of the service company and that appellant should not be liable for their negligence is of no force as to plaintiff. It will be noted that the provision by which the service company agrees to save appellant harmless from liability for the negligence of the men rather contemplates that such a liability might exist.

Our conclusion is that it did not appear from the evidence as a matter of law that the service company was an independent contractor, and that the jury was justified in finding that the driver whose negligence caused plaintiff's injuries was the servant of appellant. The instructions submitting this question were correct.

2. It is claimed that plaintiff was guilty of contributory negligence as a matter of law. We think there is no basis for this claim. It is so clear that the question was one of fact, and that the evidence supports the finding of the jury thereon, that we will not state the facts surrounding the collision between plaintiff and the truck.

Order affirmed.

On October 13, 1916, the following opinion was filed:
PER CURIAM.

The reargument of this case has not changed the views of a majority of the court. The decision is adhered to.