AGNES CONROY AND AGNES CONROY AS MOTHER v. MURPHY TRANSFER COMPANY.[1]

January 7, 1921.

No. 22,016.

**Motor vehicle — liability of society to which owner had let its truck and driver.**

Action for personal injuries resulting from the negligence of the driver of a truck in a parade. Proof that defendant, for hire, had furnished the truck and driver to a society for the purpose of the parade does not establish, as a matter of law, that responsibility for the negligence of the driver had passed from defendant to the society.

Two actions in the district court for Ramsey county, one by Agnes Conroy as guardian of her minor son, to recover $10,000 for injuries received by him, and the other by her individually to recover $3,500

[1]Reported in 180 N. W. 704.

for loss of her son's services and for the expenses of medical and surgical treatment, nursing and supplies. The answer alleged negligence on the part of the minor. The cases were tried together before Dickson, J., who at the close of the testimony granted defendant's motion for a directed verdict in each case. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*Lyle Pettijohn* and *D. H. Ruvelson,* for appellant.

*Sexton, Mordaunt & Kennedy,* for respondent.

TAYLOR, C.

The accident here involved happened during the parade in the city of St. Paul to celebrate the return of the One Hundred Fifty-First regiment from the world war. To illustrate their activities in the war, the Knights of Columbus had a truck in the parade from which they distributed cigarettes, candy, chewing gum and similar articles to the soldiers along the route. This truck was the last vehicle in the line, and as it passed down the street the crowd closed in behind it. The parade made several stops. It is alleged that, at one of these stops, the driver negligently backed the truck upon and crushed the foot of Mathias Conroy, a boy 15 years of age, who was endeavoring to cross the street through the crowd at the rear of the truck.

Plaintiff, the mother of the boy, brought two actions—one in his behalf and one in her own behalf—against defendant from whom the Knights of Columbus had hired the truck and driver. They were tried together. At the close of the evidence, the court directed verdicts for defendant on the ground that, at the time of the accident, the driver, whose alleged negligent act caused the injury, was the servant of the Knights of Columbus and not the servant of defendant. Plaintiff appealed from an order denying a new trial in both actions. Both appeals are submitted on the same record and the same brief.

The defendant was the owner of the truck and the driver was one of its employees. The record shows that the Knights of Columbus hired the truck and driver from defendant, for the day, for the purpose of transporting their outfit and representatives in the parade. It shows nothing more as to the terms of the contract between them.

The trial court appears to have based its ruling on the instructions which the driver stated that he had received from defendant before leaving defendant's office, but, as there is no evidence that these instructions were ever communicated to the Knights of Columbus, they could not operate to transfer responsibility for the acts of the driver from defendant to that society. Furthermore there is no evidence that any representative of that society assumed to exercise any control over the driver or over the management of the truck, or gave the driver any instructions whatever. The driver sat in his cab by himself and operated his machine according to his own judgment. The representatives of the society were in the body of the truck back of the cab engaged in distributing their supplies to the soldiers in the crowd lining the street and gave no attention to the driver or to the manner in which he operated the car.

While an employer may loan his servant to another so that for the time being he ceases to be the servant of the former and becomes the servant of the latter, the facts are not sufficient to establish as a matter of law that defendant had done so in this instance. At most, whether defendant had loaned the truck and driver to the society in the sense that it had surrendered all right of control over him for the time being, or was using them for the purpose of performing a service which it had undertaken to perform, was a question for the jury.

In our opinion the facts brought the case within the doctrine applied in Meyers v. Tri-State Automobile Co. 121 Minn. 68, 140 N. W. 184, 44 L.R.A.(N.S.) 113; Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073; Boll v. C. S. Brackett Co. 134 Minn. 268, 158 N. W. 609, 159 N. W. 1095, and did not warrant an instructed verdict for defendant. The remark in State v. District Court of Hennepin County, 147 Minn 12, 179 N. W. 216, as to the purpose of the Workmen's Compensation Law is not in point.

Order reversed.