WILLIAM DUNN, AS FATHER OF COLIN DUNN, A MINOR v.
REEVES COAL YARDS COMPANY, INC.[1]

November 10, 1921.

No. 22,457.

**Truck owner delivering coal servant of fuel dealer.**
Waters v. Pioneer Fuel Co. 52 Minn. 474, to the effect that a person temporarily employed by a coal dealer to haul and deliver by means of his own conveyance and facilities coal and fuel to a patron of the dealer at a stipulated rate per ton or load, is for the time being the agent and servant of the dealer and not an independent contractor, followed and applied.

Action in the district court for Hennepin county to recover $25,000 damages for injuries to plaintiff's minor son. The case was tried before Nye, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

[1] Reported in 184 N. W. 1027.

*B. W. Wilder* and *O. L. Bruce,* for appellant.
*Ernest E. Watson,* for respondent.

BROWN, C. J.

This action was brought to recover for injuries to plaintiff's minor son, claimed to have been caused by the negligent operation of an automobile truck by one McCann, an employe and servant of defendant. At the conclusion of the trial below a verdict was directed for defendant and plaintiff appealed from an order denying a new trial.

There is no question on the record as to the injury complained of, and that it was caused by the negligence of McCann in the operation of his truck upon and over one of the streets of the city of Minneapolis is made clear by the evidence, at least the case must be so considered on this appeal. In directing a verdict for defendant the learned trial court held, on the evidence presented, that McCann was not at the time the agent or servant of defendant, hence that defendant cannot be charged with his wrongdoing. The correctness of that conclusion presents the only question on the appeal.

The facts are not in substantial dispute. It appears that defendant is a retail coal and fuel dealer doing business in the city of Minneapolis. In the usual conduct of its business a sale of a quantity of coal or other fuel includes a delivery thereof upon the premises of the purchaser. To effect such deliveries to its numerous customers defendant employed, among others, McCann, who owned and operated the truck in question in his business of carting and delivering commodities and articles of trade for hire. He was engaged in that work on his own account, and in no way connected or associated with defendant, except as he was so employed by defendant from time to time as its business might justify and require. He was paid for such services, not the value thereof per day, week or month, as the term of employment might be, but an agreed amount per ton for the quantity of coal carted and delivered. McCann was in the service of defendant only when so engaged, and was in such service at the time complained of and had been continuously for several days prior thereto. When charged with the delivery of coal to be paid C. O. D. he was authorized

to and did collect and account therefor to defendant. He collected for the delivery on the particular occasion. Defendant furnished him assistance from its regular employes in loading at the yards and unloading at the place of delivery when necessary.

The case, on these facts, cannot be distinguished from Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564, which we follow and apply, holding that the question whether McCann was, at the time of the accident, an independent contractor, or the servant of defendant, if not to be answered in the affirmative as a matter of law, was at least a question of fact for the jury, and the directed verdict was error. The Waters case has never been criticised, doubted or overruled, and is not out of harmony with adjudications on similar facts in other jurisdictions. Standard Oil Co. v. Parkinson, 152 Fed. 681, 82 C.C.A. 29; Murphy v. Herold Co. 137 Wis. 609, 617, 119 N. W. 294; O'Neill v. Blase, 94 Mo. App. 648, 68 S. W. 764; White, Personal Injuries, 601; Cooley, Torts (3d ed.) 1101; Shearman & Redfield, Neg. (5th ed.) 248. The case has been often cited with approval in later decisions of our own, though not in all instances in cases involving identical facts. Crandall v. Boutell, 95 Minn. 114, 116, 103 N. W. 890, 5 Ann. Cas. 122; State v. District Court of St. Louis County, 128 Minn. 43, 150 N. W. 211; Winters v. American Radiator Co. 128 Minn. 508, 151 N. W. 277, L.R.A. 1915D, 476; Zuponcic v. Val Blatz Brewing Co. 131 Minn. 112, 154 N. W. 790; Boll v. C. S. Brackett Co. 134 Minn. 268, 158 N. W. 609, 159 N. W. 1095.

Following the Waters case, which does not appear to have been called to the attention of the learned trial court, the order appealed from must be and is reversed, and a new trial granted.