BERTHA MORSS v. MURPHY TRANSFER & STORAGE COMPANY.[1]

January 14, 1927.

No. 25,763.

**Motor truck at street car gates—Questions for jury.**

Upon the facts disclosed in the opinion:

(1) It was error to charge the jury that defendant was guilty of negligence as a matter of law because of failure to stop ten feet behind the gates of a street car when it was about to stop for the accommodation of passengers.

(2) It was for the jury to say whether the driver passed a street car at an intersection.

(3) Defendant having hired its regular employe and truck to another by the month and the accident having occurred in the performance of that service, its responsibility for the acts of the driver presented a jury question.

Master and Servant, 39 C. J. p. 1278 n. 32.
Motor Vehicles, 28 Cyc. p. 48 n. 39; p. 49 n. 46.

[1]Reported in 211 N. W. 950.

Defendant appealed from an order of the district court for Ramsey county, McNally, J., denying its motion for judgment notwithstanding the verdict or a new trial. New trial granted.

*O'Brien, Horn & Stringer*, for appellant.

*Humphrey Barton*, for respondent.

WILSON, C. J..

Defendant appealed from an order denying its motion for judgment non obstante or a new trial.

Jackson street, St. Paul, extends north and south. Street cars run thereon. It is crossed by Arch street. Street cars traveling north stop on the far side of Arch street. At this place plaintiff stepped from the curb intending to board a northbound street car. A truck owned by defendant, traveling north, struck her.

1. The learned trial court charged the jury that defendant was guilty of negligence as a matter of law. This was upon the theory that there was a violation of the statute which provides that a motor vehicle, when approaching a street car which has been stopped or is about to stop to allow passengers to alight or embark, shall be brought to a full stop not less than ten feet behind said street car, etc. L. 1925, p. 672, c. 416, § 19. We must consider the evidence most favorable to defendant in passing upon the propriety of this instruction. The truck had been following the street car for about two blocks. It undertook to pass. When the front of the street car was about eight feet south of the south line of Arch street, the front of the truck was even with it. The street car was then traveling about ten miles per hour and the truck about fifteen. The street car had only rear gates. As the two vehicles were thus entering upon Arch street, plaintiff stepped from the curb. The truck driver then saw her for the first time. He slammed on his brakes. The truck skidded across the intersection and came to a standstill in front of the street car which stopped at the northerly side of Arch street. Plaintiff was under the truck, a front wheel having passed over her. The driver testified that when he saw her he blew his horn three times. He said plaintiff got out of his way

but got in front of the street car and when she apparently saw it coming toward her stepped back in his course of travel and was struck. It seemed to be the claim of the truck driver that while his truck was skidding he could not control it. The truck was about twelve feet long; the street car forty. The truck was well past the gates before plaintiff's presence was discovered. Till then she had not manifested any desire or intention of boarding the street car. The statute commands that vehicles must stop ten feet behind the gates. When? Approaching the street car means coming near it. Doubtless the common understanding is that the driver must stop behind the gates. That is what the statute says. It applies to the front gates also. Ruddy v. Ingebret, 164 Minn. 40, 204 N. W. 630, 44 A. L. R. 159. The instruction was not appropriate if directed to the truck after it had passed the only gates to the car. If directed to the truck before it passed the gates there was nothing that justified the court in saying as a matter of law that the street car was then about to stop. There is evidence permitting the jury to find for plaintiff. There is also evidence, a part of which we have indicated, which made it possible for the jury to say that the driver of the truck had not violated the particular statute. This being true, the charge was erroneous.

2. Plaintiff says that if such was error it was without prejudice because defendant was passing the street car at an intersection contrary to L. 1925, p. 671, c. 416, § 15. But when the truck entered upon Arch street it may be safely inferred that it was ahead of the street car and traveling faster. Was this a violation of the passing statute? The court properly left this inquiry to the jury. We cannot say as a matter of law, upon the record before us, that defendant was guilty of this charge or that such conduct was the proximate cause of plaintiff's injuries. The contention that the error was harmless cannot be sustained.

3. Defendant owns the truck. It employs and pays the driver. The truck is kept at defendant's place of business where the driver leaves it at night and reports for work in the morning. He then takes the truck and reports to the National Biscuit Company which

has an arrangement with defendant for the exclusive use of the truck and driver in delivering its output to its customers. It pays defendant monthly for this service. It furnishes the driver with addresses for delivery. Defendant gives no directions of this character. The details of the work with respect to time, place, manner and method of delivery are directed by the biscuit company whose name alone appears on the truck. The driver collects for some deliveries and not for others, as he is directed. He is furnished with invoices which show place of delivery and perhaps whether the sale is on credit or for cash. Upon the occasion of the accident the driver was using the truck in business hours and making a delivery for the biscuit company. The driver testified that defendant paid him weekly and that under his employment with defendant he was driving the truck at the time of collision.

Where the driver and vehicle are hired to and placed under the exclusive control of the hirer, the latter and not the owner is liable for injuries resulting from the acts of the driver. 39 C. J. 1278. The right of control is the test in determining whether the relation of master and servant exists. Meyers v. Tri-State Automobile Co. 121 Minn. 68, 140 N. W. 184, 44 L. R. A. (N. S.) 113; Elliason v. Western C. & C. Co. 162 Minn. 213, 202 N. W. 485; Baldwin v. Abraham, 57 App. Div. 67, 67 N. Y. S. 1079; Roe v. Winston, 86 Minn. 77, 90 N. W. 122; Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635. This relates to the authority or right to determine the way in which the servant shall perform his work, not merely in reference to the result reached, but to the method of reaching the result. If the employe is given over unreservedly to the service and direction of another it creates the relation of master and servant between him and the other. Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073.

There is an abundance of evidence in the record to support a finding that the biscuit company was the answerable employer at the time of the collision. We cannot however upon this record say as a matter of law that such was the case. Nor can we say as a

matter of law that defendant was not the employer at such time. The record does not disclose the version of the biscuit company on this question. Doubtless it could make a contract for the delivery of its merchandise by trucks of another in such a way that no liability on its part would result because of negligence in the course of transportation. Winters v. American R. Co. 128 Minn. 508, 151 N. W. 277, L. R. A. 1915D, 476; Conroy v. Murphy Tr. Co. 148 Minn. 14, 180 N. W. 704. But the contract as disclosed in this case is not such a contract. It can hardly be said that this question was fully litigated in the trial of the case. It is sufficient for present purposes to say that the trial court should have submitted to the jury the question of defendant's responsibility at the time of the collision. The record presented a jury question. Boll v. C. S. Brackett Co. 134 Minn. 268, 158 N. W. 609, 159 N. W. 1095; Dunn v. Reeves C. Y. Co. Inc. 150 Minn. 282, 184 N. W. 1027. Whether there was joint liability we do not consider.

A new trial is granted.

Mr. Justice Stone took no part.