# MARY AND MICHAEL ANTONELLY v. JOHN ADAM AND ANOTHER.[1]

November 2, 1928.

Nos. 26,879, 26,880.

**When owner of hired vehicle is not liable for negligence of his driver.**
   1. Where the owner lets a vehicle and driver to another for hire, the hirer is liable for the negligence of the driver if he has exclusive control over him; but he may have control over the driver for certain purposes, and the owner may retain control over him for other purposes.

**When owner of hired automobile is liable for negligence of his driver.**
   2. Where the owner lets an automobile and driver temporarily for hire, and the hirer merely directs when and where to go, whom to carry, and what routes to take, the driver remains the servant of the owner in the matter of managing and operating the machine and the owner is responsible for his negligence in managing or operating it.

**Error to direct verdict in favor of defendant owner.**
   3. It was error to rule as a matter of law that under the facts of this case the owner was not liable.

Master and Servant, 39 C. J. § 1463 p. 1277 n. 21; § 1464 p. 1278 n. 32.
Motor Vehicles, 42 C. J. § 859 p. 1097 n. 62; § 895 p. 1126 n. 72; § 1091 p. 1257 n. 86.

Two actions in the district court for Ramsey county, one by Mary Antonelly to recover damages for personal injuries caused by defendants' negligence, and the other by her husband, Michael Antonelly; to recover for loss of his wife's services. The court directed a verdict in each case for the defendant John Adam, and plaintiffs separately appealed from an order, Richard D. O'Brien, J. denying their motion for a new trial. Reversed.

*McNamara & Seward* and *Denegre, McDermott, Stearns, Stone & Mackey,* for appellants.
*Bundlie & Kelley,* for respondent.

[1]Reported in 221 N. W. 716.

TAYLOR, C.

The Martin Auto Livery made a contract by which it agreed to and did furnish 20 cars with drivers for a funeral. To make up the required number the Martin company (so designated for convenience) hired three cars with drivers from defendant Adam, who was also in the business of furnishing cars for funerals. On the return from the cemetery, plaintiff Mary Antonelly was a passenger in one of the cars hired from Adam and was injured in a collision with a truck caused by the negligence of the driver of the car. She brought suit for the personal injuries sustained; and her husband, Michael Antonelly, brought suit for the damages resulting to him from his wife's disabilities. Adam and the owner and driver of the truck were named as defendants in both suits; but as the owner of the truck was exonerated from blame and is not a party to this appeal the term defendant when used hereafter will designate defendant Adam. By agreement the cases were consolidated and tried together. The court directed a verdict for defendant on the ground that the relationship of master and servant did not exist between him and the driver of the car at the time of the accident for the reason that the car and driver had been hired to and were then in the service of the Martin company. Plaintiffs appealed from an order denying a new trial.

The question presented is whether it appears from the evidence as a matter of law that defendant was not responsible for the negligence of his driver which caused the accident.

Where the owner furnishes a vehicle and driver to another for hire, and the driver is placed under the exclusive control of the hirer, the hirer and not the owner is liable for injuries resulting from the negligence of the driver. Morss v. Murphy T. & S. Co. 170 Minn. 1, 211 N. W. 950, and cases cited; 39 C. J. 1278, and cases cited. This rule has been frequently stated and is well settled. But the driver may be under the control of the hirer for some purposes and remain under the control of the owner, his general employer, for other purposes; and it is often difficult to determine whether, in doing the act which resulted in the accident, he was in

fact under the control of the hirer or remained under the control of the owner and therefore was the servant of the owner in doing that particular act.

In the so-called carriage cases, it is settled by a long line of decisions that although the owner lets a carriage with horses and driver to another for hire and gives the hirer the right to direct the driver when and where to go, whom to haul, and what routes to take, yet the driver remains the servant of the owner in the matter of the care and management of the team and vehicle; and that the owner and not the hirer is responsible for the negligence of the driver in the management of them. 39 C. J. 1277; McNamara v. Leipzig, 227 N. Y. 291, 125 N. E. 244, 8 A. L. R. 480, and cases cited; also cases cited in note in Ann. Cas. 1913A, 886.

The same rule is followed and applied where the owner, for hire, furnishes an automobile with a driver. In giving the reasons for applying this rule in the case of automobiles, the Massachusetts court in Shepard v. Jacobs, 204 Mass. 110, 113, 90 N. E. 392, 26 L. R. A. (N. S.) 442, 134 A. S. R. 648, after saying that the rule is almost universal in cases of the hiring of a carriage with horses and driver, says:

"If the defendants had furnished horses, a carriage and a driver under a similar contract, instead of an automobile and a driver, there would be no doubt of their liability for the negligence of the driver in the management of the team. The question is whether the same result should be reached upon the facts of this case. The analogy between the two kinds of contract is very close. The management of an automobile properly can be trusted only to a skilled expert. The law will not permit such a vehicle to be run in the streets except by a licensed chauffeur of approved competency. The danger of great loss of property by the owner, as well as of injury to the chauffeur, his servant, is such as to make it of the highest importance that care should be exercised in his interest, and that the control and management of the machine should not be given up to the hirer. The reasons for applying this rule in a case like the present are fully as strong as when a carriage and horses are let with a driver."

The following are some of the other cases holding that where the owner for hire lets an automobile with a driver to another for a temporary purpose he remains liable for the negligence of the driver in managing or operating the machine, although the hirer directs the driver when and where to go, whom to carry, and what routes to take. Densby v. Bartlett, 318 Ill. 616, 149 N. E. 591, 42 A. L. R. 1406; Forbes v. Reinman & Wolfort, 112 Ark. 417, 166 S. W. 563, 51 L. R. A. (N. S.) 1164; McNamara v. Leipzig, 227 N. Y. 291, 125 N. E. 244, 8 A. L. R. 480; Billig v. Southern Pac. Co. 189 Cal. 477, 209 P. 241; Boroughf v. Schmidt (Mo. App.) 259 S. W. 881; Gerretson v. Rambler Garage Co. 149 Wis. 528, 136 N. W. 186, 40 L. R. A. (N. S.) 457; Courtinard v. Gray B. & C. Co. 98 N. J. L. 493, 121 A. 145; Gechei v. Boltz, 13 Ohio App. 180; Macale v. Lynch, 110 Wash. 444, 188 P. 517.

The decisions of this court are in accord with those above cited. In Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 A. S. R. 564, the accident resulted from negligence of the owner and driver while engaged in the business of the hirer, and not from anything done in the management of the team or vehicle, and the hirer was held liable. In Meyers v. Tri-State Auto. Co. 121 Minn. 68, 140 N. W. 184, 44 L. R. A. (N. S.) 113, the accident occurred in consequence of the manner in which the driver operated the car and the owner was held liable. In Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073, the accident was caused by the driver's driving the team into a hole in the ice, and it was held that the hirer was not liable. In Conway v. Murphy Tr. Co. 148 Minn. 14, 180 N. W. 704, the accident was caused by the manner in which the driver operated the car and the owner, not the hirer, was held liable. Morss v. Murphy T. & S. Co. 170 Minn. 1, 211 N. W. 950, was reversed for an erroneous instruction in respect to negligence. The negligence, if any, was in operating the car; and the court said that whether the owner or the hirer was responsible therefor did not conclusively appear and was a question for the jury.

Of course an automobile and driver may be let to another under such circumstances or upon such terms and conditions that the

driver is under the exclusive control of the hirer in the matter of managing and operating the machine as well as in other matters, and in such cases he and not the owner is responsible for the negligent operation of it. Here defendant let three cars with drivers to the Martin company for this funeral at a specified price per car paid to him by that company. On the morning of the funeral he sent the drivers with their cars to the place of business of the Martin company pursuant to his agreement. He gave no specific instructions of any nature. The Martin company directed the drivers where to go for their passengers and where to take the passengers. It gave no other instructions. There is no evidence which would sustain a finding that the drivers were under the control of the Martin company in the matter of managing and operating their cars. The presumption is that in the matter of managing and operating the cars they remained under the control and were the servants of defendant by whom they were regularly employed for that purpose; and the court erred in ruling as a matter of law that they were not.

Those in charge of the funeral contracted with the Martin company for 20 cars with drivers at a specified price. They dealt only with the Martin company and paid that company in full for all the cars furnished. So far as appears, neither they nor those who rode in the cars knew that the Martin company had hired any of the cars from others. The Martin company made and performed the contract as if all the cars belonged to it and were operated by its own drivers. It may be that the conduct of the Martin company in contracting to furnish and in furnishing these cars and drivers was such that that company may also be liable to its passengers for the negligence of any of the drivers so furnished. But the Martin company is not a party to this action, and the question of its liability to its passengers is not involved and cannot be determined herein.

The order is reversed and a new trial granted.

STONE, J. took no part.