ILIJA MODRINICH v. LOYAL ORDER OF MOOSE NO. 1117 OF VIRGINIA AND OTHERS.[1]

November 1, 1929.

No. 27,398.

[1]Reported in 227 N. W. 207.

*Montague & Montague,* for appellant.
*Gannon & Strizich,* for respondent.

HOLT, J.

Appeal by defendant Moose lodge from an order denying its alternative motion for judgment or a new trial after verdict for plaintiff.

On August 18, 1926, between eight and nine o'clock in the evening, as plaintiff was walking on the shoulder of a paved road near Buhl, his left arm was struck and fractured by a truck driven by defendant Frank Anderson, owned by the county of St. Louis, and loaned to appellant for the evening. It was alleged that it was being negligently operated on the highway at excessive speed, without proper lookout for or warning to plaintiff, and that the truck was negligently outfitted with a platform which extended beyond the fenders thereof. St. Louis county was made a defendant but was not in the case when submitted to the jury. The verdict was against both Anderson and the lodge. Both moved for judgment notwithstanding the verdict or a new trial, but Anderson did not appeal from the order denying the motion.

The main ground for reversal is that the evidence did not permit the jury to find that the defendant lodge was responsible for the negligence of defendant Anderson, the driver of the truck; hence

the court erred in denying appellant's motion for a directed verdict. It is true, the truck was not appellant's. It belonged to the county of St. Louis, and when used by the county its employe, defendant Anderson, drove and had charge of the same. But the evidence justified the jury in finding that appellant borrowed the truck on condition that it engage Anderson as driver and arrange with him for his compensation. The jury had also a basis in the evidence for finding that Anderson was under the direction and control of appellant.

A state convention of Moose lodges was about to be held at Virginia, and appellant undertook to promote and advertise the same. For that purpose it engaged the American Legion drum and bugle corps to parade and play at various range towns, and this truck was procured to convey the corps over the route. The jury could find that the manager of appellant in this enterprise directed the driver of the truck to take his orders from Herb Anderson, the one in charge of the drum and bugle corps, and that the driver followed such directions. From the plan adopted to advertise the convention by means of this corps one would expect that appellant, not being present by its manager, would designate the leader of the corps to direct and control the driver as to the towns to be visited, what stops to be made therein, over what streets the parade should go, and whether the driver should stop, go slow or fast while the corps played. We think, upon this record, the jury could well find that the driver of the truck during the trip was the servant or agent of appellant, for whose negligence in the management of the truck it was responsible. The driver was not at work for the county of St. Louis this evening. His master then was appellant, and its agent the corps manager. The county was not in the transportation business. It did not and could not hire out either truck or driver.

In our opinion, this case turns upon the fact whether or not the driver on the evening in question was the agent or servant of appellant subject to its control and orders. The jury upon adequate evidence and accurate instructions found he was, and that finding

should stand. On the facts here, as the jury might find them, Antonelly v. Adam, 175 Minn. 438, 441, 221 N. W. 716, 718, and similar cited cases are not applicable, but rather this rule, thus stated by Judge Taylor in that opinion:

"Of course an automobile and driver may be let to another under such circumstances or upon such terms and conditions that the driver is under the exclusive control of the hirer in the matter of managing and operating the machine as well as in other matters, and in such cases he and not the owner is responsible for the negligent operation of it."

In the case at bar it was not a hiring. It was a lending of the truck; and although the lender, evidently to secure the truck against harm, dictated who the driver should be, the borrower was to employ him on such terms as he might agree to. A case somewhat in point is Boll v. C. S. Brackett Co. 134 Minn. 268, 158 N. W. 609, 159 N. W. 1095. And Mogle v. A. W. Scott Co. 144 Minn. 173, 176, 174 N. W. 832, 833, seems quite decisive against appellant, where the court said:

"The owner of an automobile, who loans it to another to use for purposes personal to the borrower, is neither master nor principal, but merely a bailor, and in law is not chargeable with the consequences of the borrower's negligence while pursuing his own ends in his own way." See also Gates v. Pendleton, 184 Cal. 797, 195 P. 664, and the authorities in the annotations to Hooper v. Brawner, 42 A. L. R. 1437 (148 Md. 417, 129 A. 672).

We are of opinion that the court correctly left to the jury the question whether Anderson, the driver, on this trip, was the agent and servant of appellant. No fault is or could be found with the charge upon that issue.

Error is assigned upon the refusal to give this requested instruction:

"If from the evidence in this case you find that the plaintiff actually saw the lights of the approaching truck and was warned by them that a vehicle was approaching from behind him, the failure of

defendant to sound his horn would not be a proximate cause of the accident, and no recovery could be based on a finding of negligence in that respect."

Whether this language be applied to proximate cause or to plaintiff's contributory negligence, it does not state the law appropriately to the facts. Plaintiff and the truck were traveling in the same direction. The truck was moving faster and was about to pass him. He was entitled to occupy the paved roadway as well as the truck. One walking cannot well have his head turned to the rear. And even had plaintiff so done, against the glare of headlights the chance would be small that he could have discovered the width or overhang of the truck. Moreover, he had yielded the whole pavement to the truck and had no reason to apprehend that the truck in passing would endanger him. The driver saw him and his position. It was his duty to sound the horn when a collision appeared probable, even though plaintiff was aware that the truck was about to overtake and pass him.

One claim of negligence was that defendants "outfitted said truck with a platform which, in violation of the laws of this state, projected on each side of said truck and beyond the fenders and mud guards of said truck." The truck was the ordinary stake platform truck, its width inside the stakes being six feet. It extended a few inches beyond that on either side, but the platform did not exceed eight feet in width, although it extended beyond the front fenders some six to eight inches. Upon this issue the court charged that the jury were to decide whether the platform extended as claimed;

"and then you will decide whether or not operating a truck such as this was, as you find it was under the circumstances operated here, was negligence. And with reference to negligence in that respect, there being no statute on the subject, you are instructed that the defendant Anderson's duty was to exercise such care in that respect as a person of ordinary prudence and caution would exercise under similar circumstances. If, in your judgment, a person of ordinary prudence and caution would have operated a truck built like this one was, on the highway under the circumstances then existing, then

it would not be negligent for Anderson so to operate it.   If in your judgment a person of ordinary prudence and caution would not have done that, why, then it would have been negligence for Anderson to do it."

When at the close of the charge the court invited criticism, none was offered save an exception to the refusal to give the request already discussed.   The instruction is not happily framed.   If it meant that the jury could find negligence in the mere fact that a truck of this width or overhang was operated upon an 18-foot paved roadway it was wrong.   But it is right if it conveys the meaning that the jury were required to take into consideration the circumstances presented by the evidence such as the speed, the darkness, the near meeting of another vehicle with headlights lit, the presence of plaintiff ahead walking near the course the truck was moving with its overhanging platform.   We think this last meaning was contained in the sentence first quoted, viz. "and then you will decide whether or not operating a truck such as this was, as you find it was under the circumstances operated here, was negligence," which meaning qualified all that followed.   It may also be said that no mere technical error should here reverse.   Actionable negligence of the driver may be said to appear as a matter of law.   Plaintiff was outside the pavement, the driver saw him, he gave no warning, but ran the truck so close and with such speed in passing that the projecting platform struck and fractured his arm.

There is no reversible error in the record.

The order is affirmed.